[Cite as *State v. Powell*, 2016-Ohio-1220.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102922**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## LAWRENCE COOPER POWELL

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591572-A

**BEFORE:** Kilbane, J., E.T. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 24, 2016

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
Daniel T. Van
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119

MARY EILEEN KILBANE, J.:

**{¶1}** Plaintiff-appellant, the state of Ohio ("state"), appeals from the trial court's order of March 26, 2015, granting defendant-appellee Lawrence Cooper Powell's ("Powell") motion to dismiss the indictment based on preindictment delay. For the following reasons, we affirm.

**{¶2}** On December 9, 1994, Powell's then wife, E.P., ran from Powell's home and flagged down a CMHA police officer, reporting that Powell had assaulted her, kept her against her will, and raped her. E.P. was transported to the hospital where a rape kit was completed and DNA evidence was collected. On the same date, Powell was immediately picked up by the police and arrested. Powell was released from jail on December 11, 1994. In a follow-up meeting with the city of Cleveland prosecutor, E.P. stated that she did not wish to prosecute. Based upon that information, the city prosecutor issued a "no papers" ruling.

**{¶3}** E.P. divorced Powell in 1999, and she has struggled with drug addiction. The record also discloses that Powell has continued to reside in CMHA housing and has schizophrenia.

**{¶4}** Subsequently, Powell was convicted of robbery, and in March 2005, his DNA was entered into the CODIS system from that conviction. He was sentenced to community control sanctions in unrelated matters in 2011 and 2013.

**{¶5}** In 2013, the case was reopened as part of the Ohio state attorney general's sexual assault kit testing initiative, and E.P.'s rape kit was submitted to the Ohio Bureau of Criminal Identification and Investigation for testing. On July 15, 2013, a CODIS match was identified, linking Powell to DNA obtained from E.P.'s rape kit. On December 4, 2014, almost 20 years after the alleged attack, Powell was indicted on two counts of rape, in violation of R.C. 2907.02(A); one count of felonious sexual penetration, in violation of R.C. 2907.12 (A); and one count of kidnapping, in violation of R.C. 2905.01(A), all in connection with the alleged attack on E.P. on December 9, 1994.

**{¶6}** On March 23, 2015, Powell filed a motion to dismiss the indictment because of preindictment delay. In support of his motion, Powell noted that he had been arrested immediately after the alleged attack and detained for two days. After E.P. indicated that she did not wish to prosecute, a Cleveland city prosecutor reviewed the matter and decided in 1995 not to issue charges. The charges were not filed until almost 20 years later. All the while, the state knew the identity of the alleged attacker as the victim's husband, and knew his full name and his residence. Powell asserted that with proper diligence, the state could have easily located him and his wife because they have appeared in trial for various traffic cases and other matters since 1994. In opposition, the state argued that Powell's speedy trial rights have not been violated, the delay was justifiable because it involved testing of DNA evidence, the delay was not caused by the state, and Powell cannot demonstrate actual and substantial prejudice.

{¶7} The trial court held a hearing on March 25, 2015. The evidence indicated that E.P. remembered the incident. She could recall that it occurred after an argument, but could not recall the details of the alleged penetration and whether the alleged rape was anal or vaginal. Powell indicated that he has no memory of the incident, and he informed the court that he suffers from schizophrenia and depression. Powell's involvement with mental health service agencies over the past 20 years was well-documented. After viewing the parties and weighing their credibility and demeanor, the trial court stated:

> [T]here's undisputed medical — there's mental health issues here, and he's asserting that his client has no memory of this. So even if he wanted to testify — we're dealing with two people that are — were married at the time. And even if he wanted to testify to a consent defense to this allegation, he wouldn't be able to because * * * he doesn't recall it, and he suffers from mental illness.

{¶8} The trial court subsequently granted the motion to dismiss, concluding that Powell demonstrated actual prejudice "by identifying two witnesses, the alleged victim and the defendant himself who suffers from an undisputed mental illness, and neither witness can recall sufficient details to either prosecute or defend the over twenty-year-old allegation."

{¶9} The state now appeals, assigning the following error for our review:

Assignment of Error

The trial court erred in dismissing the indictment based upon its finding that appellee demonstrated actual prejudice.

**{¶10}** In its sole assignment of error, the state argues that Powell has failed to demonstrate that he was substantially and actually prejudiced because of the 20-year delay in the indictment, and that Powell has presented no concrete proof that he has suffered prejudice. The state further argues that the trial court erred in finding that it failed to produce evidence of a justifiable reason for the delay.

**{¶11}** On appeal, a trial court's decision on a motion to dismiss for preindictment delay is reviewed de novo as to the legal issues, but the court's findings of fact are afforded great deference. *State v. Dixon*, 8th Dist. Cuyahoga No. 102335, 2015-Ohio-3144, ¶ 19, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100501, 2014-Ohio-3034, and *State v. Wade*, 8th Dist. Cuyahoga No. 90029, 2008-Ohio-4574. *See also State v. Henley*, 8th Dist. Cuyahoga No. 86591, 2006-Ohio-2728, ¶ 45; *State v. Copeland*, 8th Dist. Cuyahoga No. 89455, 2008-Ohio-234, ¶ 10.

**{¶12}** "An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law[.]" *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus. A two-part test is applied in order to determine whether preindictment delay constitutes a due process violation. The defendant has the initial burden to show that he was substantially and actually prejudiced because of the delay. *State v. Dixon*, 8th Dist. Cuyahoga No. 102335, 2015-Ohio-3144, ¶ 19, citing *State v. Whiting*, 84 Ohio St.3d 215, 217, 1998-Ohio-575, 702 N.E.2d 1199. If actual prejudice is demonstrated, the burden then shifts to the state to produce evidence

of a justifiable reason for the delay. *Dixon*, citing *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829.

{¶13} This court recently addressed preindictment delay in our en banc decision, *State v. Jones*, 8th Dist. Cuyahoga No. 101258, 2015-Ohio-2853. In *Jones*, 20 years passed before the state brought charges against the defendant, even though the victim had immediately identified "Demetrius" as her attacker. During the delay in bringing charges, the 911 call and the victim's clothing were no longer available. The police then could not locate the victim and closed the case "unless the victim comes forward." The *Jones* court noted that "no further investigation or technological advances occurred in the time between the initial investigation and the indictment." The *Jones* court evaluated the actual prejudice prong of the two-part test in terms of basic concepts of due process and fundamental justice. The court found that Jones "suffered actual prejudice" as the matter was one where the state simply failed, or refused, to take action for a substantial period. *Id*. at ¶ 56.

{¶14} With regard to the second prong of the test, whether the state has produced evidence of a justifiable reason for delay, a delay can be found to be unjustifiable when

> the state's reason for the delay is to intentionally gain a tactical advantage over the defendant, *see United States v. Marion*, [404 U.S. at 324, 92 S.Ct. 455, 30 L.Ed.2d 468], or when the state, **through negligence o[r] error in judgment, effectively ceases the active investigation of a case,** but later decides to commence prosecution upon the same evidence that was available to it at the time that its active investigation was ceased.

(Emphasis added.) *Luck*, 15 Ohio St.3d at 158, 472 N.E.2d 1097. The length of delay will typically be the "key factor" in determining whether a delay caused by the state's negligence or error in judgment is justifiable. *Id.* Thereafter, the due process inquiry involves a balancing test by the court, weighing the reasons for the delay against the prejudice to the defendant, in light of the length of the delay. *Id*. at 154.

{¶15} In reviewing preindictment delay, the determination of actual or substantial prejudice entails "a delicate judgment based on the circumstances of each case." *Walls,* 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 52. The court must consider "the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay." *Id.*

{¶16} In *Smith*, 8th Dist. Cuyahoga No. 100501, 2014-Ohio-3034, the court explained the analysis as follows:

> Prejudice is not presumed solely due to a lengthy delay. *State v. Copeland*, 8th Dist. Cuyahoga No. 89455, 2008-Ohio-234, ¶ 13. Similarly, a general assertion that the defendant cannot remember the events of the alleged crime does not constitute actual prejudice. *State v. Glasper*, 2d Dist. Montgomery No. 15740, 1997 Ohio App. LEXIS 583 (Feb. 21, 1997). Furthermore, the defendant may not rely on speculation or vague assertions of prejudice. *State v. Clemons*, 2013-Ohio-5131, 2 N.E.3d 930, ¶ 17. Rather, "proof of actual prejudice must be specific, particularized and non-speculative." *State v. Stricker*, 10th Dist. Franklin No. 03AP-746, 2004-Ohio-3557, ¶ 36. The defendant must show the exculpatory value of the alleged missing evidence to prove substantial prejudice. *Copeland* at ¶ 13. In other words, a defendant must show how lost witnesses and physical evidence would have proven the defendant's asserted defense. *State v. Davis,* 7th Dist. Mahoning No. 05 MA 235, 2007-Ohio-7216, ¶ 17 ("Without proof of prejudice, meaning something which adversely affects [a defendant's] ability to defend himself at trial, there is no due process violation for preindictment delay in prosecution").

*Id*. at ¶ 26.

**{¶17}** In *Dixon*, 8th Dist. Cuyahoga No. 102335, 2015-Ohio-3144, a case that bears similarities to the instant matter, this court concluded that both prongs of the two-part test were met and affirmed the trial court's dismissal of a rape indictment. In that case, Dixon had sexual relations with the alleged victim on April 20, 1993. She called the police and stated that Dixon had raped her. A rape kit was collected, and few days later, Dixon was arrested. Several days later, the alleged victim signed a "no prosecution" form, and Dixon was released from jail.

**{¶18}** Like the instant case, 20 years later, on April 10, 2013, the state indicted Dixon for rape, after receiving a CODIS match of the DNA from the rape kit. In determining that Dixon demonstrated actual prejudice, this court noted that Dixon stated that the act was consensual, but he cannot remember any other details of the night. This court also noted that Dixon's former girlfriend could not be located; however, she had made a statement about the time that Dixon had returned home on the night of the alleged rape and stated that Dixon had not been violent. In addition, Dixon's former employer had died, and he had previously testified at a parole revocation hearing that the victim told him that "she had feelings for [Dixon]." The employer also testified at that hearing that the alleged victim told him that "if she could not have [Dixon], no one would," and that the sexual encounter was "mutual with no force."

**{¶19}** In concluding that Dixon demonstrated actual prejudice, this court held that Dixon's own general assertion that he does not remember the details of the incident

was not sufficient. This court found prejudice, however, from Dixon's identification of the two witnesses who are no longer available to testify on his behalf at trial and his demonstration of what the witnesses would have provided that might have helped in his defense.

{¶20} This court additionally concluded that the delay in *Dixon* was not justifiable. The alleged victim's decision not to further cooperate in 1993 was not a sufficient excuse in light of the nearly 20-year delay. The "new" evidence relied upon by the state — the CODIS information — only confirmed what the police had already learned in 1993 when she identified the suspect as "Steve" and provided the police with a license plate number. In addition, the police were able to use this information to arrest Dixon in 1993, and the instant matter was the subject of Dixon's 1993 parole revocation proceedings.

{¶21} In this matter, the trial court held a hearing on March 25, 2015. The evidence indicated that E.P. remembered the alleged attack and that it occurred after an argument, but she could not recall the details of the alleged penetration and whether the alleged rape was anal or vaginal. She had to consult the 1994 police report for further details as to what had transpired before the incident. Powell stated that he has no memory of the incident. He indicated that the parties had a tumultuous relationship, but he could not recall the matter for which he was charged. Powell informed the court that he suffers from schizophrenia and depression. The parties noted that his involvement with mental health service agencies over the past 20 years was well documented.

**{¶22}** The trial court concluded that Powell demonstrated actual and substantial prejudice. The court noted that Powell identified "two witnesses, the alleged victim and the defendant himself who suffers from an undisputed mental illness, and neither witness can recall sufficient details to either prosecute or defend the over 20-year-old allegation." We afford this finding great deference. *Dixon*, 8th Dist. Cuyahoga No. 102335, 2015-Ohio-3144, ¶ 19; *Smith*, 8th Dist. Cuyahoga No. 100501, 2014-Ohio-3034, ¶ 23; *Wade*, 8th Dist. Cuyahoga No. 90029, 2008-Ohio-4574, ¶ 45. Moreover, we note that the trier of fact is in the best position to view the witnesses and observe their demeanor, gestures, and voice inflections — observations that are critical to determining a witness's credibility. *State v. Clark*, 8th Dist. Cuyahoga No. 94050, 2010-Ohio-4354, ¶ 17, citing *State v. Hill*, 75 Ohio St.3d 195, 205, 1996-Ohio-222, 661 N.E.2d 1068, and *State v. Antill*, 176 Ohio St. 61, 66, 197 N.E.2d 548 (1964). We agree that the unavailability of this previously available evidence would greatly impair Powell's ability to present a defense to these charges. Under these circumstances, the trial court did not err in determining that Powell demonstrated actual and substantial prejudice, and upon our de novo review, we reach the same conclusion.

**{¶23}** As to whether the delay was justifiable, we conclude that it was not. The record demonstrates that the state was aware of the identity of the suspect because they had him in custody for two days, immediately after the offense was reported to the police. The city investigated the complaint and closed the file after E.P. stated that she did not wish to prosecute. Powell's identity and address were known immediately after the

report was made in 1994, and Powell was immediately picked up on the date of the incident and held for two days. In addition, E.P.'s whereabouts were ascertainable throughout the entire pendency of the matter, an additional fact rendering this delay beyond the delay deemed unjustifiable in *Jones*. In fact, both Powell and E.P. continued to have involvement with law enforcement following the reporting of the 1994 incident. Both had been involved in the county's legal system on and off for 20 years. No further action was taken on the matter for almost 20 years. Powell's whereabouts were known, however, and he continued to have altercations with E.P. for which he was prosecuted. Significantly, his DNA evidence was entered into the CODIS database in 2005 in an unrelated conviction. In 2013, the rape kit in this matter was analyzed and a "match" was noted in July 2013. The police spoke with Powell's ex-wife in November 2014, and according to defendant's motion to dismiss, she refused to give a statement and the indictment was issued one month later. On this record, we conclude that the delay was not justifiable because the state was aware of the identity and address of the suspect.

{¶24} The state argues that the delay was justified because it received "new" evidence received in 2013 — the DNA evidence received from the rape kit through the CODIS hit. But this is not new information because E.P. had identified the assailant immediately after she flagged down a CMHA police officer in 1994. The alleged perpetrator's identity is therefore not an issue, and the CODIS hit received in 2013 did nothing to advance a case that had been inactive for almost 20 years. *Jones*, 8th Dist. Cuyahoga No. 101258, 2015-Ohio-2853, ¶ 42. Moreover, during all this time, Powell's

whereabouts were ascertainable, and he continued to have altercations with E.P. The state also noted that the victim did not initially wish to prosecute. From the record, however, she did prosecute other offenses against Powell in the intervening time period. There is no evidence that the state ever made an attempt to investigate the alleged rape in nearly 20 years. Likewise, there is no evidence the state pursued any other avenue in the investigation for the last 20 years.

{¶25} Therefore, the record discloses that the delay in prosecution in this matter was because of the delay of the state in filing charges against an alleged perpetrator, identified by E.P. as her husband, outside his home in December 1994. Powell was arrested that same day and spent two days in jail. His whereabouts remained known to law enforcement because he was prosecuted for other offenses, including offenses against E.P. over the intervening decades. Moreover, the state's delay of nearly two decades in filing the indictment in this matter resulted in actual and substantial prejudice to Powell who suffers from mental illness and has expressed memory issues about the incident. Accordingly, the trial court, after observing the parties, and their demeanor, gestures, and voice inflections, and after weighing their credibility, found that both the alleged victim and Powell suffer from mental illness, and both could not effectively recall important information. Deferring as we must to the court's factual findings, we conclude that the trial court did not err in finding that there was no justification for the preindictment delay and in dismissing the charges. Under these circumstances, the preindictment delay resulted in a violation of Powell's right to due process, and the

motion to dismiss the indictment was properly granted by the trial court. The state's assignment of error is overruled.

{¶26} The trial court's judgment dismissing the indictment because of preindictment delay is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS (SEE SEPARATE DISSENTING OPINION)


EILEEN T. GALLAGHER, J., DISSENTING:

{¶27} I respectfully dissent from the majority's conclusion that "the trial court did not err in determining that Powell demonstrated actual substantial prejudice." Powell's two arguments for actual prejudice are that the victim's memory has faded from the passage of time, and that "Powell is unable to recall sufficient details to either prosecute or defend" as a result of his deteriorated mental health. I note that Powell's

claims are limited to issues of faded memories because this case presents the unique situation where all of the physical evidence, investigating officers, and medical personnel are available for trial despite the passage of time.

{¶28} With respect to his reliance on the victim's memory, Powell has failed to explain how the victim's faded memories prejudiced him. During the dismissal hearing, the state conceded that although the victim remembered being raped by Powell, she was unable to recall details of the rape. "If anything, the victim's faded memory was more harmful to the state." *See State v. Dickerson*, 8th Dist. Cuyahoga No. 102461, 2016-Ohio-807, ¶ 58 (Stewart, J., dissenting).

{¶29} Moreover, I am unable to find actual prejudice where, as here, the record is devoid of any documentation or evidence from a medical professional indicating that Powell's mental illness impaired his ability to recall the relevant time periods alleged in his indictment. There is no question that Powell has been diagnosed with schizophrenia. However, the degree of impact on the physical and mental functions on those diagnosed with schizophrenia varies from person to person. Therefore, I believe that in order to dismiss a rape indictment on the basis that the defendant's due process rights have been impaired by his diminished memory, there must be more than a diagnosis of a mental illness. In my view, in order to have proof of "specific, particularized and non-speculative actual prejudice," at the very least, there must be medical documentation supporting Powell's contention that he is unable to recall the relevant time periods due to his mental illness. Otherwise, this case stands for the proposition that an indictment,

brought within the relevant statute of limitations period, may be dismissed afer a period of time merely because there is a diagnosis of a schizophrenia and an assertion raised by defense counsel that the defendant's memory has been diminished as a result of the mental illness.

{¶30} My conclusion is not intended to suggest that Powell's memory has not, in fact, been diminished by his mental illness. Rather, my conclusion is only re-stating the premise that "a defendant's own general assertion that he does not remember details of an event that occurred nearly 20 years ago does not, in and of itself, constitute actual prejudice." *State v. Dixon*, 8th Dist. Cuyahoga No. 102335, 2015-Ohio-3144, ¶ 26. Thus, the majority's reliance on the fact that "Powell stated that he has no memory of the incident" cannot, without corroborating medical documentation, satisfy the prejudice prong of the "two-part test." Under these circumstances, I would find that Powell has failed to shift the burden to the state to produce evidence of a justifiable reason for the delay. *State v. Luck*, 15 Ohio St.3d 150, 154, 472 N.E.2d 1097 (1984).

{¶31} Based on the foregoing, I would sustain the state's sole assignment of error and reverse the judgment of the trial court.