[Cite as *State v. Barnes*, 2018-Ohio-86.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104910

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RICHARD BARNES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-09-524053-A and CR-16-604841-A

**BEFORE:** Celebrezze, J., McCormack, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** January 11, 2018

**ATTORNEY FOR APPELLANT**

Gregory T. Stralka
6509 Brecksville Road
P.O. Box 31776
Independence, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Melissa Riley
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Richard Barnes ("Barnes"), brings this appeal challenging his conviction for sexual battery. Specifically, Barnes argues that he was denied the effective assistance of counsel because his trial counsel failed to file a motion to dismiss based on preindictment delay. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶3} The instant appeal arose from incidents that occurred between Barnes and a former coworker, J.K.[1] The two had worked together at a nursing home in North Royalton, Ohio. J.K. alleged that Barnes raped her on two separate occasions between 2006 and 2007.

{¶4} On March 30, 2016, in Cuyahoga C.P. No. CR-16-604841-A, the Cuyahoga County Grand Jury returned an eight-count indictment charging Barnes with (1) rape, in violation of R.C. 2907.02(A)(2); (2) rape, in violation of 2907.02(A)(1)(c); (3) kidnapping, in violation of R.C. 2905.01(A)(4); (4) rape, in violation of R.C. 2907.02(A)(2); (5) rape, in violation of R.C. 2907.02(A)(1)(c); (6) gross sexual imposition, in violation of R.C. 2907.05(A)(1); (7) gross sexual imposition, in violation

---

[1] In its appellate brief, the state asserts that J.K. has "cognitive impairments and learning disabilities[.]" Appellee's brief at 1. The indictment alleged that the victim's mental or physical condition substantially impaired her ability to resist or consent to the sexual conduct with Barnes.

of R.C. 2907.05(A)(5); and (8) kidnapping, in violation of R.C. 2905.01(A)(4). All eight counts contained a sexually violent predator specification; Counts 3 and 8 also contained a sexual motivation specification. The indictment alleged that the offenses were committed between January 1, 2006, and November 13, 2007. Barnes pled not guilty to the indictment during his April 15, 2016 arraignment.

{¶5} The parties reached a plea agreement under which the state amended Count 1 to sexual battery, a third-degree felony in violation of R.C. 2907.03(A)(1), and deleted the underlying sexually violent predator specification. On June 28, 2016, Barnes pled guilty to sexual battery as amended in Count 1. The remaining counts and specifications were nolled.

{¶6} On August 2, 2016, the trial court sentenced Barnes to a prison term of three years. The trial court designated Barnes a habitual sex offender and advised him of his reporting requirements under R.C. Chapter 2950.

{¶7} Barnes, acting pro se, filed notices of appeal on September 1, 2016 (8th Dist. Cuyahoga No. 104910) and September 2, 2016 (8th Dist. Cuyahoga No. 104913). On September 9, 2016, this court, sua sponte, dismissed App. No. 104913 as a duplicate of App. No. 104910. On May 15, 2017, this court appointed appellate counsel to represent Barnes.

{¶8} In this appeal, Barnes challenges his sexual battery conviction. He assigns one error for review:

> I. [Barnes's] constitutional right to effective assistance of counsel was violated when such counsel failed to file a motion to dismiss for

pre-indictment delay what [sic] would have resulted in a dismissal of the charges.

## II. Law and Analysis

{¶9} In his sole assignment of error, Barnes argues that he was denied effective assistance of counsel because trial counsel failed to file a motion to dismiss the case based on preindictment delay. He contends that had counsel filed such a motion, it would have resulted in a dismissal of the charges against him.

{¶10} To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonable representation, and (2) the defendant was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶11} A defendant's failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed." *Strickland* at *id.*

**{¶12}** As noted above, Barnes pled guilty to sexual battery.

> A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offenses at issue and would have insisted on going to trial. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992), and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

*State v. Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, ¶ 30. *See State v. Thompson*, 8th Dist. Cuyahoga No. 104322, 2016-Ohio-8310, ¶ 4, quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("'When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'").

**{¶13}** In the instant matter, Barnes does not contest the validity of his guilty plea. Thus, by pleading guilty, Barnes waived any claim of ineffective assistance of counsel. *See State v. Ramos*, 8th Dist. Cuyahoga No. 104550, 2017-Ohio-934, ¶ 2 (appellant's argument that he did not receive the effective assistance of counsel based on counsel's failure to seek dismissal of the indictment on grounds of preindictment delay was summarily overruled because appellant did not contest the validity of his guilty plea, and thus waived any claim of ineffective assistance of counsel).

{¶14} Assuming, arguendo, that Barnes's guilty plea did not waive his claim of ineffective assistance of counsel, Barnes fails to demonstrate that he was actually prejudiced by the state's delay in bringing the case against him. As noted above, the sexual battery offense to which Barnes pled guilty was committed between January 1, 2006, and November 12, 2007, and Barnes was indicted on March 30, 2016. Barnes generally claims that he was prejudiced by this delay because (1) he was not able to obtain hotel records, (2) he could not testify on his own behalf at trial, (3) he was not able to form an alibi, and (4) witnesses from the nursing home where he and the victim worked were unavailable.

{¶15} First, Barnes argues that he was prejudiced by the eight-year delay because he "lost any opportunity to obtain hotel records that would substantiate the police report's notation of prior acts of consensual sex between [him and the] victim." Appellant's brief at 7. "[A] defendant cannot rely upon broad assertions of missing evidence or an unavailable witness to establish prejudice. A defendant must demonstrate a viable, tangible connection between the missing evidence or the unavailable witness to the defense of the case." *State v. Richardson*, 2016-Ohio-5843, 70 N.E.3d 1175, ¶ 13 (8th Dist.).

{¶16} Barnes could have asserted a defense of consent at trial, but instead elected to enter a guilty plea. Furthermore, Counts 2, 5, and 7 alleged that the victim's ability to resist or consent to the sexual conduct was substantially impaired. Thus, even if the victim consented to the sexual conduct with Barnes, her consent would not bolster

Barnes's defense if she was not capable of legally consenting. *See State v. Petkovic*, 8th Dist. Cuyahoga No. 97548, 2012-Ohio-4050, ¶ 23 ("Actual consent is distinct from the ability to legally consent.").

{¶17} Second, Barnes contends that the preindictment delay deprived him of an opportunity to testify on his own behalf at trial because he was convicted of sexual battery and aggravated theft in an unrelated criminal case during the eight-year period between the offense and the March 2016 indictment.[2] Barnes does not identify the subject matter of the testimony that he would provide on his own behalf at trial, nor explain how his defense would be impaired if he did not exercise his constitutional right to testify at trial. Nevertheless, Barnes brought any prejudice that he would suffer as a result of his convictions in 2009 upon himself.

{¶18} Third, Barnes argues that he was prejudiced by the preindictment delay because he lost the ability to form an alibi. If Barnes did, in fact, have an alibi for the offenses, he could have asserted the alibi at trial as a defense. *See State v. Rosser*, 8th Dist. Cuyahoga No. 104624, 2017-Ohio-5572, ¶ 16. He did not, and instead chose to plead guilty.

{¶19} Fourth, Barnes argues that he was prejudiced by the eight-year delay because witnesses from the nursing home where he and the victim worked "would, after the passage of time, now be unavailable." Appellant's brief at 7. "To establish a claim of prejudice due to the unavailability of witnesses who would be able to testify on a

---

[2] Cuyahoga C.P. No. CR-09-524053.

defendant's behalf, the defendant must identify the missing witnesses and the subject matter of their testimony, and, further, must explain how the missing evidence has impaired his defense." *State v. Robinson*, 6th Dist. Lucas No. L-06-1182, 2008-Ohio-3498, ¶ 126, citing *State v. McClutchen*, 8th Dist. Cuyahoga No. 81821, 2003-Ohio-4802, ¶ 13. A defendant "bears the burden of demonstrating the unavailability of *specific* witnesses." (Emphasis added.) *State v. Durham*, 8th Dist. Cuyahoga Nos. 103352 and 103382, 2017-Ohio-954, ¶ 6.

{¶20} Barnes fails to identify any specific witness or witnesses from the nursing home that were unavailable when he was indicted in 2016 or the subject matter of the missing witness's or witnesses' testimony. Further, Barnes fails to explain how the missing evidence impaired his defense. Accordingly, Barnes failed to meet his burden of establishing the unavailability of specific witnesses.

{¶21} Finally, Barnes fails to demonstrate that the state purposely delayed prosecution to obtain a tactical advantage or for some other permissible reason.

> While the use of the actual prejudice standard sets a high bar to proving pre-indictment delay, the bar is set high because the statute of limitations unquestionably gives the state 20 years in which to commence a rape prosecution. *See* R.C. 2901.13(A)(3)(a). It is for this reason that the concept of pre-indictment delay is designed to protect defendants only from government abuses of the statute of limitations; hence the notion that pre-indictment delay exists not only when the defendant can show actual prejudice, but that the state has, in addition, purposely delayed bringing a prosecution to obtain a tactical advantage or for some other "impermissible" reason. The law requires a defendant to do more than offer mere speculation as to how he was prejudiced by any delay because requiring less would undermine the statute of limitations.

*State v. Owens*, 8th Dist. Cuyahoga No. 102276, 2015-Ohio-3881, ¶ 5.

**{¶22}** In the instant matter, regarding the reason for the delay between the offense and indictment, the state asserts that after the victim initially reported the incident to the police, she became uncooperative; however, after the victim's rape kit was tested and a CODIS[3] hit matched Barnes's DNA to the DNA sample from the victim's rape kit, investigators went back to interview the victim and she was willing to cooperate with the police and the prosecution.

**{¶23}** The record reflects that the victim filed a police report and a rape-kit examination was conducted in 2007. The DNA sample from the victim's rape kit was tested by the Ohio Bureau of Criminal Investigation. In December 2015, a CODIS hit matched Barnes's DNA to the victim's rape kit. Barnes was indicted shortly thereafter in April 2016 — within the 20-year statute of limitations.

**{¶24}** Based on the foregoing analysis, Barnes's sole assignment of error is overruled.

### III. Conclusion

**{¶25}** After thoroughly reviewing the record, we find that Barnes waived any claim of ineffective assistance of counsel by pleading guilty. Furthermore, even if Barnes did not waive his ineffective assistance of counsel claim, we find that defense counsel was not deficient for failing to file a motion to dismiss based on preindictment delay.

**{¶26}** Judgment affirmed.

---

[3] Combined DNA Index System.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

TIM McCORMACK, P.J., and
ANITA LASTER MAYS, J., CONCUR