[Cite as *State v. Charity*, 2020-Ohio-3162.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO

Plaintiff-Appellee,

v.

EARL L. CHARITY, III,

Defendant-Appellant

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0001**

---

Application to Reopen

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Paul Gains*, Mahoning County Prosecutor, *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

Earl L. Charity, III, (PRO SE), #A754-922, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, Ohio 44030-8000, for Defendant-Appellant.

May 29, 2020

**PER CURIAM.**

**{¶1}** Defendant-appellant, Earl Charity, III, has filed an application to reopen his direct appeal from his conviction of aggravated murder and a firearm specification. *State v. Charity*, 7th Dist. Mahoning No. 19 MA 0001, 2019-Ohio-5252. For the following reasons, the application is denied.

**{¶2}** An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B). Our judgment in this case was filed on December 11, 2019. Appellant filed this application on March 4, 2020. Thus, it is timely.

**{¶3}** Ineffective assistance of appellate counsel is the basis for an application to reopen an appeal. App.R. 26(B)(1). When considering an application for reopening pursuant to App.R. 26(B), we must first determine, based upon appellant's application, affidavits, and portions of the record before us, whether appellant has set forth a colorable claim of ineffective assistance of appellate counsel. See e.g. *State v. Milburn*, 10th Dist. Franklin No. 89AP-655, 1993 WL 339900 (Aug. 24, 1993); *State v. Burge*, 88 Ohio App.3d 91, 623 N.E.2d 146 (10th Dist.1993). In order to show ineffective assistance of appellate counsel, appellant must prove that his counsel was deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had he presented those claims on appeal. *State v. Goff*, 98 Ohio St.3d 327, 2003-Ohio-1017, 784 N.E.2d 700, ¶ 5, (explaining that the *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), test is used to determine if appellate counsel was ineffective).

**{¶4}** Appellant asserts his appellate counsel was ineffective for failing to raise three assignments of error.

**{¶5}** First, appellant claims his appellate counsel was ineffective for failing to assert:

APPELLATE COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO ASSIGN AS ERROR, TRIAL COUNSEL'S INEFFECTIVENESS AS DEFENSE COUNSEL FAILED TO

FULFILL HIS ADVERSARIAL ROLE TO THE STATE'S CASE DURING THE PLEA NEGOTIATION PROCESS AND PREPARATION FOR TRIAL.

{¶6}     Appellant contends that his appellate counsel should have argued that his trial counsel was ineffective for three reasons.  First, appellant argues that his trial counsel was ineffective for not filing a motion to dismiss the charges.  Second, appellant argues that his trial counsel was ineffective for not filing a motion to suppress the firearms and machete found at the scene of the murder.  Third, appellant argues that his trial counsel was ineffective for not personally investigating the scene of the murder or attempting to find other witnesses.

{¶7}     Addressing appellant's motion to dismiss argument, motions to dismiss are governed by Crim.R. 12(C).  Pursuant to the rule, "any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue."  Appellant argues that his indictment should have been dismissed because an autopsy and ballistics report was not completed until two months after he was indicted.

{¶8}     A motion to dismiss an indictment on non-constitutional grounds looks at whether "the charging instrument was adequate on its face[.]"  See *State v. Owens*, 6th Dist. Lucas No. L-16-1218, 2017-Ohio-2909, ¶ 16 quoting *Vermillion v. Meinke*, 6th Dist. Erie No. E-12-037, 2013-Ohio-2250.  Because there is no indication the indictment was inadequate on its face, appellant's counsel was not deficient for failing to raise this argument.

{¶9}     Addressing appellant's motion to suppress argument, a motion to suppress is a "[d]evice used to eliminate from the trial of a criminal case evidence which has been secured illegally," generally in violation of constitutional rights.  *State v. French*, 72 Ohio St.3d 446, 449, 65 N.E.2d 887 (1995) quoting Black's Law Dictionary (6 Ed.1990) 1014.  Appellant makes no showing that the firearms and machete in his case were obtained in violation of his constitutional rights.  He only argues that the firearms and machete should have been suppressed because no DNA evidence connected him to those items.  Because appellant makes no argument that the firearms and machete were obtained in violation of his constitutional rights, his appellate counsel was not deficient for failing to raise this argument.

**{¶10}** Addressing appellant's investigation argument, appellant argues that his trial counsel was ineffective because, despite having the keys to the building where the murder occurred, his trial counsel did not inspect the building nor did trial counsel attempt to interview potential witnesses. We note that the record has no indication of what pretrial investigation appellant's trial counsel conducted. Courts should not "infer a defense failure to investigate from a silent record." *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 247 quoting *State v. Ware*, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263.

**{¶11}** Thus, appellant has not demonstrated that his appellate counsel was ineffective for failing to raise an issue of ineffective assistance of trial counsel.

**{¶12}** Second, appellant claims his appellate counsel was ineffective for failing to assert:

> APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILURE TO ASSIGN AS ERROR THE TRIAL COURT'S DENIAL OF CHARITY'S RIGHT TO APPEAL, RIGHT TO APPELLATE COUNSEL AND THE RECORD AT STATE'S EXPENSE WHERE THE TRIAL COURT DID NOT ADVISE CHARITY OF THE FUNDAMENTAL RIGHT TO APPEAL IN VIOLATION OF THE SIXTH AND DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

**{¶13}** Appellant argues that his appellate counsel was ineffective for failing to raise an argument that his guilty plea was not knowingly, intelligently, or voluntarily entered into because the trial court advised him at his change of plea hearing that he had no right to appeal his conviction.

**{¶14}** A guilty plea waives the right to appeal trial court errors except for errors in the plea itself. *State v. Truax*, 7th Dist. Belmont No. 06 BE 66, 2007–Ohio–4993, ¶ 8, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 at paragraph two of the syllabus. Thus, the trial court did not misadvise appellant that he could not appeal his conviction

Case No. 19 MA 0001

after he pled guilty and appellate counsel was not deficient for failing to raise this argument.

**{¶15}** Moreover, appellant was not prejudiced by this lack of argument. Appellant timely appealed, was appointed appellate counsel, and his appellate counsel filed a merit brief raising two assignments of error.

**{¶16}** Thus, appellant has not demonstrated that his appellate counsel was ineffective for failing to raise an issue regarding the trial court's advisement about his right to appeal.

**{¶17}** Finally, appellant claims his appellate counsel was ineffective for failing to assert:

> APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO ASSIGN AS ERROR TRIAL COURT'S ABUSE OF DISCRETION IN SENTENCING CHARITY TO A TERM OF IMPRISONMENT WITHOUT KNOWLEDGE OF THE AGGREGATED TOTAL.

**{¶18}** At the time appellant pled guilty to aggravated murder with a firearm specification, he was on parole for involuntary manslaughter and felonious assault. Appellant informed the trial court during his change of plea hearing that he was on parole. Appellant states that, as of the date he filed this application, he has not received any notice that his parole has been revoked. Appellant argues that his appellate counsel was ineffective for not raising an argument that the trial court inappropriately sentenced him to life imprisonment with parole eligibility after 23 years without knowing his sentence for violating parole.

**{¶19}** At the change of plea hearing, the trial court advised appellant that the maximum prison sentence he could receive was life imprisonment without parole plus an additional three-year consecutive sentence for the firearm specification. Pursuant to R.C. 2929.03(A)(1), aggravated murder is punishable by: life imprisonment without parole; life imprisonment with parole eligibility after 30 years; life imprisonment with parole eligibility after 25 years; or life imprisonment with parole eligibility after 20 years. Pursuant to R.C. 2941.145(A), firearm specifications carry an additional mandatory three-year term of incarceration. Thus, not only is appellant's sentence of life imprisonment with parole

Case No. 19 MA 0001

eligibility after 23 years within statutory guidelines, it is the statutorily minimum sentence appellant could have received.

{¶20}   As for appellant's parole violation, it is a separate and distinct proceeding from this case.   Any and all issues appellant may have with a future parole violation proceeding, including a sentence for violating parole, are not before this court now. Attempting to analyze the impact a future sentence may have on this case would require us to go beyond the current record.

{¶21}   Thus, appellant has not demonstrated that his appellate counsel was ineffective for failing to raise an issue regarding any possible sentence he may receive for violating parole.

{¶22}  For the reasons stated above, appellant's application to reopen his appeal is hereby denied.

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**