[Cite as *State v. Smith*, 2025-Ohio-5046.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 114814 |
| v. | : | |
| MAURICE SMITH, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 6, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-669329-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher and Sarah J. Denney, Assistant Prosecuting Attorneys, *for appellee*.

Flowers & Grube and Louis E. Grube, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant Maurice Smith appeals from the trial court's February 4, 2025 judgment denying his "motion to withdraw guilty plea pursuant to Crim.R. 32.1 and/or motion for relief from sex offender registry and exemption from

community-notification provisions, and residency restrictions." For the reasons that follow, we affirm.

**Procedural and Factual History**

{¶ 2} The incident giving rise to this case occurred in June 2013. The record demonstrates that Smith is the father of two of the victim's children and, at the time of the incident, Smith and the victim were living in different residences. Smith went to the victim's house and committed sexual offenses against the victim. The following day, the victim went to a hospital and a sexual assault exam was performed on her; DNA retrieved from the exam was a match to Smith. The victim told the police that she did not want to prosecute, however. Years later, a cold case investigator contacted the victim, who was then willing to cooperate with a prosecution.

{¶ 3} In April 2022, Smith was indicted on two counts of rape and two counts of kidnapping. All four counts contained one- and three-year firearm specifications, as well as sexually violent predator specifications.

{¶ 4} After engaging in negotiations with plaintiff-appellee the State of Ohio, Smith pleaded guilty to Count 1, amended from rape to sexual battery, and Count 4, amended from kidnapping to abduction. In exchange for his pleas, the State dismissed the other two counts and all the firearm and sexually violent predator specifications. The trial court sentenced Smith to two 12-month prison terms, to be served concurrently. The court found Smith to be a Tier III sex offender and imposed the necessary registration and verification requirements.

{¶ 5} Thereafter, Smith, pro se, filed a "motion to withdraw guilty plea pursuant to Crim.R. 32.1 and/or motion for relief from sex offender registry and exemption from community-notification provisions, and residency restrictions." In the motion, Smith contended that his plea was "involuntary and unknowing [because] the trial court failed to substantially comply with Crim.R. 11 by [not] informing defendant of the punitive consequences of his plea." The State opposed the motion, and the trial court denied it. Smith appeals, raising the following sole assignment of error for our review: "Defendant's counsel was ineffective by failing to investigate the unjustifiable nine-year preindictment delay and move for dismissal of all charges."

**Law and Analysis**

{¶ 6} We begin by noting that a guilty plea is a complete admission of the defendant's guilt. *See* Crim.R. 11(B)(1). As such, it has been held that "a guilty plea represents a break in the chain of events that precede it in the criminal process." *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). Thus, when a defendant enters a guilty plea, he or she waives all appealable errors that might have occurred unless the errors precluded him or her from entering a knowing, voluntary, and intelligent plea. *State v. Robinson*, 2020-Ohio-98, ¶ 6 (8th Dist.), citing *State v. Kelley*, 57 Ohio St.3d 127 (1991), and *State v. Barnett*, 73 Ohio App.3d 244 (2d Dist. 1991). A guilty plea even waives the right to claim that a defendant was prejudiced by the ineffective assistance of counsel, except to the extent that the ineffective assistance

of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Williams*, 2014-Ohio-3415, ¶ 11 (8th Dist.), citing *Spates* at *id*.

{¶ 7} In order to establish a claim of ineffective assistance of counsel, the defendant must show that his or her trial counsel's performance was deficient in some aspect of his or her representation and that deficiency prejudiced his or her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Pursuant to *Strickland*, our assessment of an attorney's representation must be highly deferential and we are to indulge "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id*. at 689. In Ohio, every properly licensed attorney is presumed to be competent and, therefore, a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100 (1985).

{¶ 8} In the context of a guilty plea, prejudice is shown only if the defendant can demonstrate that there is a reasonable probability that, but for counsel's deficient performance, he or she would not have pleaded guilty. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521 (1992), and *Hill v. Lockhart*, 474 U.S. 52 (1985). In sum, a claim of ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance of counsel precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea. *State v. Geraci*, 2015-Ohio-2699, ¶ 14 (8th Dist.).

{¶ 9} Smith contends that his trial counsel was ineffective because he failed to file a motion to dismiss based on preindictment delay. We note that the statute

of limitations governing a crime provides the "primary guarantee against bringing overly stale criminal charges." *State v. Copeland*, 2008-Ohio-234, ¶ 10 (8th Dist.), citing *United States v. Lovasco*, 431 U.S. 783 (1977). The statute of limitations for rape is 25 years, and the statute of limitations for kidnapping is 20 years. *See* R.C. 2901.13(A)(4) and 2901.13(A)(3)(a), respectively. Smith was indicted within the statute of limitations for both rape and kidnapping.

{¶ 10} Nonetheless, the delay between the commission of an offense and an indictment can, under certain circumstances, constitute a violation of due process of law guaranteed by the federal and state constitutions — even when the defendant is indicted within the statute of limitations. *Lovasco* at 789; *United States v. Marion*, 404 U.S. 307, 324 (1971). For example, a delay in commencing prosecution is not justified when the State uses the delay to gain a tactical advantage or through negligence or error ceases its investigation and then, later, without new evidence, decides to prosecute. *Marion* at *id.*; *State v. Luck*, 15 Ohio St.3d 150, 158 (1984).

{¶ 11} Courts apply a two-part test to determine whether preindictment delay constitutes a due process violation. A defendant has the initial burden to show that he or she was substantially and actually prejudiced due to the delay. *State v. Whiting*, 84 Ohio St.3d 215, 217 (1998). However, "proof of actual prejudice, alone, will not automatically validate a due process claim." *Luck* at 154, citing *Marion*.

{¶ 12} The Supreme Court of Ohio has stated the following regarding actual prejudice:

> A determination of actual prejudice involves "'a delicate judgment'" and a case-by-case consideration of the particular circumstances. *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 52, quoting *Marion*, 404 U.S. at 325, 92 S.Ct. 455, 30 L.Ed.2d 468. A court must "consider the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay." *Id.* This court has suggested that speculative prejudice does not satisfy the defendant's burden. *Id.* at ¶ 56 (noting that Walls's claims of prejudice were speculative at best); [*State v.*] *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 100 (noting the difficulty for defendants claiming unconstitutional preindictment delay because "proof of prejudice is always speculative").

*State v. Jones*, 2016-Ohio-5105, ¶ 52.

{¶ 13} "[T]he possibility that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient to establish actual prejudice." *Adams* at ¶ 105, citing *Marion*. "Those are 'the real possibilit[ies] of prejudice inherent in any extended delay,' and statutes of limitations sufficiently protect against them." *Jones* at ¶ 21, quoting *Marion*. "That does not mean, however, that demonstrably faded memories and actually unavailable witnesses or lost evidence cannot satisfy the actual-prejudice requirement." *Id.* Actual prejudice exists when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the State's evidence and bolster the defense. *Id.* at ¶ 28, citing *Luck*. It has been noted, however, that the burden upon a defendant seeking to prove that preindictment delay violated due process is "'nearly insurmountable,'" especially "because proof of prejudice is always speculative." *Adams* at ¶ 100, citing *United States v. Montgomery*, 491 Fed.Appx.

683 (6th Cir. 2012), quoting *United States v. Rogers*, 118 F.3d 466, 477, fn. 10 (6th Cir. 1997).

{¶ 14} If a defendant establishes "actual prejudice," the burden then shifts to the State to produce evidence of a justifiable reason for the delay. *Whiting*, 84 Ohio St.3d at 217. Thereafter, the due process inquiry involves a balancing test by the court, weighing the reasons for the delay against the prejudice to the defendant in light of the length of the delay. *Walls*, 2002-Ohio-5059, at ¶ 51.

{¶ 15} Upon review of the record in this case, Smith has failed to demonstrate actual prejudice. Smith contends that he suffered actual prejudice by the delay in prosecution because "he did not believe he would be capable of finding witnesses that could provide evidence in his defense." Appellant's brief, p. 10, citing tr. 22. A review of Smith's citation to the transcript does not reveal that there was a specific witness who was no longer available because of the passage of time. Rather, counsel for Smith made a general argument about Smith's criminal history and how he believed it would interplay with the changed sentiment about sexual assaults against women:

> I would be remiss if I didn't point out that someone with a record like Mr. Smith has, and with the modern current move and public sentiment regarding sex abuse that is in response to the #MeToo movement, Mr. Smith does not believe that if he did elect to try to vindicate himself that he would be able to find witnesses from nine and a half years ago to help defend himself, or a jury would believe that somebody with his record didn't do this.

> However, he's not here to say he didn't do it because he did take responsibility.

Tr. 22.

{¶ 16} To establish actual prejudice caused by the unavailability of witnesses, Smith needed to first prove that the witnesses were in fact unavailable. *State v. Walker*, 2018-Ohio-3669, ¶ 20 (8th Dist.). A mere assertion by a defendant that he or she had witnesses who could have supported his or her defense without identifying who the witnesses are and what they might have testified to is insufficient to show actual prejudice. *State v. Hopper*, 2024-Ohio-2635, ¶ 34 (8th Dist.).

{¶ 17} We are not persuaded by Smith's citation to *State v. Dixon*, 2015-Ohio-3144 (8th Dist.), or *State v. Powell*, 2016-Ohio-1220 (8th Dist.), in support of his claim of actual prejudice. We initially note that both *Dixon* and *Powell* are procedurally distinguishable from this case in that they were appeals by the State after the trial courts granted the defendants' motions to dismiss on the ground of preindictment delay.

{¶ 18} The procedural posture is an important distinction because the records in *Dixon* and *Powell* included hearings held on the defendants' motions to dismiss. Here, Smith challenged his indictment *after* he pleaded guilty. As noted, a guilty plea is a complete admission of the defendant's guilt, which results in a waiver of the right to claim that a defendant was prejudiced by ineffective assistance of counsel, except to the extent that the ineffective assistance of counsel caused the

defendant's plea to be less than knowing, intelligent, and voluntary. *Williams*, 2014-Ohio-3415, at ¶ 11 (8th Dist.), citing *Spates*, 64 Ohio St.3d 269.[1]

{¶ 19} In addition to *Dixon* and *Powell* being procedurally different from this case, the facts of those two cases are also distinguishable from this case. In *Dixon*, the alleged sexual assault occurred in 1993, approximately six months after the defendant had been paroled from prison on an unrelated charge and placed under the supervision of parole authorities.

{¶ 20} After the alleged assault, the alleged victim went to a hospital where a sexual assault exam was administered and DNA evidence was collected. Shortly thereafter, the defendant was arrested. The alleged victim stated that she did not want to prosecute a case against the defendant, and he was released from jail.

{¶ 21} Nonetheless, the defendant was subject to two hearings before parole authorities regarding the alleged sexual assault. At the first hearing, police officers, the alleged victim, and the defendant's employer testified. At the second hearing, police officers, the alleged victim, witnesses for the defense, and the defendant testified. It was the defendant's testimony that he and the alleged victim engaged in

---

[1] As part of Smith's ineffective-assistance-of-counsel argument, he contends that if his trial counsel had filed a motion to dismiss, "it is reasonably likely that the charges would have been dismissed, *or at a minimum, reduced to a much favorable plea*, instead of Smith pleading guilty." (Emphasis added.) Appellant's brief, p. 13. Smith was indicted on two counts each of rape and kidnapping and all four counts contained one- and three-year firearm specifications as well as sexually violent predator specifications. Trial counsel negotiated a plea, whereby Smith pleaded guilty to two reduced charges — sexual battery and abduction and the remaining charges and specifications were dismissed. The trial court sentenced Smith to an aggregate 12-month prison term. The negotiations defense counsel engaged in resulted in a favorable plea for Smith.

consensual sexual activity on the occasion in question. The alleged victim maintained that it was sexual assault, however. After the second hearing, the parole authorities found the defendant "guilty," revoked his parole, and sentenced him to prison for two years.

{¶ 22} Years later, in 2013, the DNA evidence collected at the hospital was tested and was a match to the defendant's DNA. The State then indicted the defendant. The defendant filed a motion to dismiss the indictment based on preindictment delay, and the trial court held a hearing.

{¶ 23} At the hearing, it was established that a former girlfriend of the defendant and a former employer of defendant — both of whom had testified before the parole authorities — were no longer available. The former girlfriend could not be located, and the former employer was deceased. Further, the defendant testified that he could not remember specifics from the incident in question.

{¶ 24} Notably, the former employer had previously testified that he spoke with the alleged victim after the incident and the victim said she had feelings for the defendant and if she could not have him, no one could. The former employer also testified that the alleged victim said her and the defendant's encounter had been "mutual with no force." *Dixon*, 2015-Ohio-3144, at ¶ 9 (8th Dist.).

{¶ 25} The trial court granted the defendant's motion to dismiss, and this court affirmed, finding that the defendant established "actual and substantial prejudice." *Id.* at ¶ 31. This court noted that the defendant did

> not rely on the mere passage of time and the deterioration of his own memory to demonstrate actual prejudice. Nor does he rely on vague assertions of prejudice. Rather, [the defendant] presented very specific evidence that was lost and how that lost evidence would have impacted the essence of his defense.

*Id.* at ¶ 26.

{¶ 26} In *Powell*, 2016-Ohio-1220 (8th Dist.), the alleged incident occurred in 1994, at which time the alleged victim, who was the defendant's wife, reported the incident and submitted to a sexual assault exam. Shortly thereafter, the alleged victim stated that she did not wish to prosecute the case. Approximately five years later, the alleged victim divorced the defendant. She suffered from drug addiction and mental-health issues.

{¶ 27} In 2013, the case was reopened as part of the Ohio attorney general's sexual assault kit testing initiative and the defendant's DNA was a match to DNA from the alleged victim's rape kit. The defendant was indicted in 2014. The defendant filed a motion to dismiss on the ground of preindictment delay, and the trial court held a hearing.

{¶ 28} The victim testified that, although she remembered the incident generally, she could not remember any details. The defendant, who also suffered from mental-health issues, testified that he did not remember the alleged incident at all. The trial court granted the defendant's motion to dismiss, finding that because of the defendant and alleged victim's documented mental-health and memory issues there were insufficient details for the State to prosecute, and for the defendant to defend against, the case. This court agreed and upheld the dismissal.

{¶ 29} As set forth, both the procedural posture and the facts in *Dixon,* 2015-Ohio-3144, at ¶ 9 (8th Dist.), and *Powell,* 2016-Ohio-1220 (8th Dist.), are distinguishable from this case. The within case is more akin to this court's decision in *State v. Barnes*, 2018-Ohio-86 (8th Dist.). In *Barnes*, the victim reported to the police that the defendant sexually assaulted her twice, once in 2006 and once in 2007, both while she and the defendant were employed at a nursing home. After her reporting of the incident and submission to a sexual assault exam, the victim became uncooperative with the State's desire to prosecute the defendant.

{¶ 30} The defendant was charged in 2016 with eight crimes that included rape and kidnapping with sexually violent predator and sexual motivation specifications. After negotiations with the State, the defendant pleaded guilty to one count, amended from rape to sexual battery. The remaining counts and specifications were dismissed.

{¶ 31} The defendant appealed from his judgment of conviction, contending that his trial counsel was ineffective for not filing a motion to dismiss based on preindictment delay. The defendant generally claimed that records and witnesses were unavailable because of the delay. This court disagreed with the defendant, finding that his broad assertions, without a tangible connection to the defense of the case, were insufficient to establish actual prejudice.

{¶ 32} At oral argument, Smith's appellate counsel argued that trial counsel's statement at Smith's sentencing makes this case distinguishable from *Barnes*. We are not persuaded. Counsel's statement at Smith's sentencing was a general

statement, without a tangible connection to the defense of his case, similar to the broad assertions made by the defendant in *Barnes*. Smith's trial counsel failed to reveal a specific witness who was no longer available because of the passage of time (as in *Dixon*) or demonstrate that neither Smith nor the victim could provide testimony because of fading memories (as in *Powell*).

{¶ 33} Smith also contends that his trial counsel was ineffective because he failed to investigate the case. Smith cites *State v. Seeley*, 2002-Ohio-1545 (7th Dist.), in support of his contention. In *Seeley*, the defendant was indicted on September 29, 1994, for a crime for which the statute of limitations ran on September 21, 1994. The defendant was not arrested until October 2000 and ultimately pleaded guilty to the charge.

{¶ 34} On appeal, the defendant contended, in part, that his trial counsel was ineffective for not raising the issue regarding the statute of limitations. The appellate court agreed, finding that counsel's failure to raise the issue was deficient under the first *Strickland* prong. Because the record was "silent as to diligence the State used in executing process of [the defendant's] indictment," the appellate court remanded the case to the trial court for a determination of whether the second prong of *Strickland* was also met, that is, whether the outcome of the proceeding would have been different had counsel raised the issue. *Seeley* at ¶ 30, 41.

{¶ 35} The within case is distinguishable from *Seeley*, in that in *Seeley* a deficiency was apparent on its face. Here, no deficiency is facially apparent. The within case is more on point with *State v. Charity*, 2020-Ohio-3162 (7th Dist.).

In *Charity*, the defendant contended that his trial counsel was ineffective based, in part, on a failure to investigate. The appellate court found that "the record has no indication of what pretrial investigation appellant's trial counsel conducted." *Id.* at ¶ 10. The appellate court stated that "[c]ourts should not '"infer a defense failure to investigate from a silent record."'" *Id.*, quoting *State v. Thompson*, 2014-Ohio-4751, ¶ 247, quoting *State v. Were*, 2008-Ohio-2762, ¶ 244. Likewise, here, the record is silent as to trial counsel's investigatory efforts and we will not presume a failure to investigate.

{¶ 36} Smith's failure to demonstrate that he suffered actual prejudice is dispositive of his claim of ineffective assistance of counsel based on the failure to file a motion a dismiss. However, we note that in *Barnes*, 2018-Ohio-86 (8th Dist.), where the victim was initially uncooperative with the prosecution but later decided to cooperate and the State was able to indict the defendant within the statute of limitations, this court did not find that the State's delay was improper. *Id.* at ¶ 21-23.

{¶ 37} For the reasons discussed, Smith's sole assignment of error is without merit and hereby overruled.

{¶ 38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHAEL JOHN RYAN, JUDGE

MICHELLE J. SHEEHAN, P.J., and
ANITA LASTER MAYS, J., CONCUR