[Cite as *State v. Bozso*, 2018-Ohio-1750.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106149**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**EMERIC BOZSO**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-606734-B

**BEFORE:** Jones, J., Blackmon, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** May 3, 2018

**ATTORNEY FOR APPELLANT**

Daniel J. Misiewicz
614 W. Superior Avenue, Suite 1300
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Amy Venesile
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Emeric Bozso ("Bozso") appeals from the trial court's July 25, 2017 judgment denying his motion to withdraw his guilty plea. For the reasons that follow, we reverse.

**Factual and Procedural History**

{¶2} In June 2016, Bozso was charged in a 30-count indictment of 1996 for crimes pertaining to sexual assault against two victims. In November 2016, after negotiations with the state, Bozso pleaded guilty to one count of sexual battery and one count of attempted abduction. The trial court sentenced him to one year of prison for each count, but suspended the sentences, and ordered him to two years of community control sanctions for each conviction.

{¶3} In January 2017, Bozso, who is not a citizen of the United States, was detained by the Department of Homeland Security for immigration removal proceedings. In June 2017,

he filed a motion to withdraw his guilty plea. In his motion, Bozso contended that his trial counsel was ineffective because he informed him that he "would be able to obtain potential relief from immigration or deportation issues and consequences resulting from the plea pursuant to §212(c) of the Immigration and Nationality Act. [INA]"

{¶4} In an affidavit in support of his motion, Bozso averred that he had been "misinformed about the applicability of INA §212(c) and that he [would] not be entitled to any potential relief under the statute despite advisements given to him prior to entering a guilty plea in [this case]." Bozso further averred that he "would not have pled guilty [in this case] had he known that relief from immigration consequences pursuant to INA §212(c) was wholly unavailable to him."

{¶5} After a hearing on the motion, the trial court denied it. Bozso now appeals, presenting the following assignment of error for our review: "The trial court erred by denying appellant's motion to withdraw his previously entered guilty plea."

**Standard of Review**

{¶6} Generally, a Crim.R. 32.1 postsentence motion to withdraw a guilty plea is subject to a manifest injustice standard, *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992), and an appellate court will not reverse a trial court's denial of a motion to withdraw a plea absent an abuse of discretion. *State v. Caver*, 8th Dist. Cuyahoga Nos. 90945 and 90946, 2008-Ohio-6155, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶7} Although the standard of review for a postsentence motion under Crim.R. 32.1 is generally subject to the manifest injustice standard, this standard does not apply to plea withdrawal motions filed pursuant to R.C. 2943.031(D), which governs "advice as to possible deportation in guilty and no contest pleas." *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 26.

**{¶8}** R.C. 2943.031(D) requires that a trial court set aside a judgment of conviction and allow a defendant to withdraw his or her guilty plea if the defendant demonstrates:

> (1) the court failed to provide the defendant with the advisement contained in R.C. 2943.031(A); (2) the advisement was required; (3) the defendant is not a United States citizen; and (4) the offense to which the defendant pled guilty may result in deportation under the immigration laws of the federal government.

*State v. Weber*, 125 Ohio App.3d 120, 126, 707 N.E.2d 1178 (10th Dist.1997), citing R.C. 2943.031(D).

**{¶9}** The Tenth District, citing the Ohio Supreme Court's decision in *Francis*, addressed the standard of review of a motion to withdraw a plea filed under R.C. 2943.03(D) in *State v. Muhumed*, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155:

> The same abuse of discretion standard of review applies to the trial court's decision on a motion filed pursuant to R.C. 2943.031(D). *Francis* at ¶ 32. However, "when a defendant's motion to withdraw is premised on R.C. 2943.031(D), the standards within that rule guide the trial court's exercise of discretion." *Id.* at ¶ 33; *see also* [*State v.*] *Oluoch*, [10th Dist. Franklin No. 07AP-45, 2007-Ohio-5560] at ¶ 25. To clarify, the exercise of discretion "applies to the trial court's decision on whether the R.C. 2943.031(D) elements have been established (along with the factors of timeliness and prejudice * * *), not generally to the trial court's discretion once the statutory provisions have been met." *Id.* at ¶ 34. "[A] defendant seeking relief under R.C. 2943.031(D) must make his or her case before the trial court under the terms of that statute, * * * the trial court must exercise its discretion in determining whether the statutory conditions are met, and * * * an appellate court reviews a trial court's decision on the motion under an abuse-of-discretion standard in light of R.C. 2943.031(D)." *Id.* at ¶ 36.

*Muhumed* at ¶ 10.

**{¶10}** To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability

sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151, 2002-Ohio-350, 761 N.E.2d 18.

**Hearing on Bozso's Motion**

{¶11} At the hearing on Bozso's motion to withdraw his plea, the state presented the testimony of Bozso's trial counsel. Counsel testified that at the time he was representing Bozso, he was aware that Bozso was not a United States citizen. He was concerned that if Bozso were to plead guilty he would be deported, or if he ever left the United States he would not be permitted to return. Counsel testified that he was not versed in immigration law, so he had Bozso consult with an immigration attorney. Bozso consulted with the attorney, and as a result of their meeting, the immigration attorney sent the following email to defense counsel, which counsel shared with Bozso:

> The sex offense conviction will lead to the client being placed into deportation. As an aggravated felony, the client would be subject to mandatory detention while the case proceeds through the immigration court. As a very preliminary conclusion, I would state that if the June date is adhered to rather than the November [date], that the client would have some relief available to him. Specifically, 212(c) relief. This relief is discretionary to the court and by no means should the client believe that it is assured that he would not be ordered * * * deported as a result of a conviction for this offense. I will supply a more comprehensive advisement for you shortly.

{¶12} Defense counsel testified that if there was a further advisement from the immigration attorney it went directly to Bozso; he did not receive any other information from the immigration attorney.

{¶13} Defense counsel further testified that, at the change of plea hearing, the trial court read the statutorily required advisement for noncitizens "verbatim," and he recalled his belief that the trial court "actually inquired of Mr. Bozso if he really understood the import of what that statutory language meant."

{¶14} In its judgment denying Bozso's motion to withdraw his plea, the court found that

it gave Bozso the "required [immigration/deportation] advisement as to the consequences of said plea." The court further found that the immigration attorney's advisement to Bozso made it "clear that he should not have relied upon the possibility that he would obtain relief from deportation, and that [Bozso's] doing so appears to have been a case of hope over reality."

**Law and Analysis**

{¶15} The United States Supreme Court addressed the issue of whether counsel must discuss deportation issues with clients in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). In *Padilla*, defense counsel failed to advise the defendant whatsoever that he may face deportation and, rather, advised the defendant that he would not be deported because of the period of time he had been in the United States. The Court found that counsel's failure to inform the defendant about the possibility of deportation was sufficient to meet the first prong of an ineffective assistance of counsel claim; that is, that counsel's performance fell below an objective standard of reasonable representation. *Id.* at 371.

{¶16} In regard to the second prong — prejudice: a reasonable probability that, but for counsel's errors, the proceeding's result would have been different — the Court held that in order to prove prejudice the defendant must convince the court that under the circumstances it would have been rational to reject the plea agreement. *Id.* at 370.

{¶17} The Court recognized that "[i]mmigration law can be complex, and it is a legal speciality of its own." *Id.* at 369. Thus, the Court stated the following:

> Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward, a criminal defense attorney need not do more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.

*Id.*

{¶18} Bozso contends that the law governing his possibility of relief was "succinct and straightforward" because in 2001, the United States Supreme Court held that the relief was available to noncitizen defendants whose "convictions were obtained through plea agreements prior to April 1, 1997 and who, notwithstanding those convictions would have been eligible for 212(c) relief at the time of their plea under the law then in effect." *I.N.S. v. Cyr*, 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

{¶19} We recognize that Bozso was represented by a well known and respected defense attorney who had been practicing for over 35 years. We further recognize that defense counsel, unlike counsel in *Padilla*, raised the issue of deportation with his client and had him seek advice from an immigration attorney. Our inquiry does not end there, however.

{¶20} As *Padilla* acknowledged, "immigration law can be complex," but there are times when it is "succinct and straightforward," and in those instances, defense counsel has the responsibility to advise his or her client what the consequences of his or her plea will be with respect to deportation. *Id.* at 369. This case is one in which the law was "succinct and straightforward." Thus, counsel was deficient for not definitely determining the deportation consequences Bozso would face prior to him entering his plea.

{¶21} In regard to the prejudice aspect of an ineffective assistance of counsel claim, we recognize that Ohio courts, including this court, have previously held that a trial court's advisement under R.C. 2943.031 cures the prejudice resulting from counsel's deficient performance in cases implicating immigration status. *See, e.g., State v. Bains*, 8th Dist. Cuyahoga No. 94330, 2010-Ohio-5143, ¶ 29; *State v. Andreias*, 6th Dist. Erie No. E-10-070, 2011-Ohio-5030, ¶ 20.

{¶22} But more recently, Ohio and federal courts have started to back away from that

principle and, instead, have started holding that a proper R.C. 2943.031 does not always preclude a finding of prejudice. *See, e.g.*, *State v. Romero*, 5th Dist. Stark No. 2016CA00201, 2017-Ohio-2950, ¶ 30; *State v. Avesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-1695, ¶ 20; *State v. Yapp*, 8th Dist. Cuyahoga Nos. 101247 and 101248, 2015-Ohio-1654; *State v. Kostyuchenko*, 2014-Ohio-324, 8 N.E.3d 353, ¶ 15 (1st Dist.); *see also United States v. Urias-Marrufo*, 744 F.3d 361, 368-369 (5th Cir.2014) ("It is counsel's duty, not the court's, to warn of certain immigration consequences, and counsel's failure cannot be saved by a plea colloquy. Thus, it is irrelevant that the magistrate judge asked [the defendant] whether she understood that there might be immigration consequences and that she and her attorney had discussed the possible adverse immigration consequences of pleading guilty." (Footnotes omitted)).

**{¶23}** "Thus, under the current view, compliance with R.C. 2943.031(A) is not determinative; it is merely one factor for the trial court to consider." *Romero* at ¶ 31.

**{¶24}** As mentioned, in his affidavit, Bozso averred that he "would not have pled guilty [in this case] had he known that relief from immigration consequences pursuant to INA §212(c) was wholly unavailable to him." On this record, that averment was sufficient to establish that Bozso was prejudiced by his counsel's performance in this case.

**{¶25}** In light of the above, Bozso's sole assignment of error is well taken and hereby sustained.

**{¶26}** Judgment reversed.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
ANITA LASTER MAYS, J., CONCUR