[Cite as *State v. Ahmed*, 2020-Ohio-1279.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108548 |
| v. | : | |
| AMIR ABDI AHMED, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 2, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-560103-C

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Amato Law Office, L.P.A., and Joseph N. Phillips, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Amir Abdi Ahmed ("Ahmed") appeals the trial court's denial of Ahmed's motion to withdraw his postsentence guilty plea, and asks this court to vacate the plea. We affirm the trial court's decision.

{¶ 2} Ahmed pleaded guilty to attempted drug possession, a first-degree misdemeanor, in violation of R.C. 2923.02 and 2925.11(A). The trial court sentenced him to pay a fine of $1,000.

## I. Facts and Procedural History

{¶ 3} On December 11, 2012, at Ahmed's plea and sentencing hearing, Ahmed pleaded guilty to attempted drug possession. The trial court asked Ahmed if he was satisfied with his trial counsel's representation, to which Ahmed replied that he was very much satisfied. (Tr. 8.) Trial counsel also indicated to the court that Ahmed was aware of his constitutional rights even though the trial court would later explain his rights. (Tr. 7.) The trial court stated,

> your attorney has already noted that you are not a U.S. citizen. I am required to advise you that since you are not a citizen of the United States, the offense — conviction of the offense to which you are pleading guilty may have the consequences of deportation from the United States, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. You understand that?

(Tr. 10.) Ahmed responded that he understood. *Id.*

{¶ 4} The trial court then stated, "[o]kay. By the way, I have no control over what happens with that, that's for the federal authorities to decide. * * * ." *Id.* Ahmed entered a plea of guilty, and the trial court imposed a fine after Ahmed's counsel asked for a minimum sentence in order to look more favorable in his federal immigration case. (Tr. 13-14.)

{¶ 5} On December 4, 2018, six years after Ahmed was sentenced, Ahmed was served with a "Notice to Appear" in immigration court. Ahmed was informed

that removal proceedings had been initiated against him as a result of his misdemeanor conviction and he was detained. Ahmed filed a motion to withdraw and vacate plea with the trial court. The trial court denied Ahmed's motion. Ahmed has remained in federal immigration custody since 2018, and filed this appeal assigning one error for our review:

> I. The trial court abused its discretion by denying Appellant's motion to withdraw his previously entered guilty plea.

## II. Postsentence Guilty Plea Withdrawal

### A. Standard of review

{¶ 6} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "We review a trial court's decision to grant or deny a postsentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1 for abuse of discretion." *State v. Johnson*, 8th Dist. Cuyahoga No. 107617, 2019-Ohio-2332, ¶ 12 citing *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶ 21. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**B.** **Whether the Trial Court Abused its Discretion by Denying Appellant's Crim.R. 32.1 Motion**

{¶ 7} In Ahmed's sole assignment of error, he contends that the trial court erred when it denied his motion to withdraw his guilty plea, in accordance with Crim.R. 32.1. Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Ahmed, who seeks to withdraw a plea of guilty after the imposition of sentence, has the burden of establishing the existence of manifest injustice. *Richmond Hts. v. McEllen*, 8th Dist. Cuyahoga No. 99281, 2013-Ohio-3151, ¶ 7, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "'[M]anifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13.

{¶ 8} Ahmed argues that the manifest injustice occurred as a result of his trial counsel's representation. Ahmad contends that his trial counsel misadvised him as to the state of law and how it could affect his future in the United States. As a result, Ahmad pleaded guilty to the offense based on the belief that it would not affect his immigration status. Ahmed reasons that he would not have pleaded guilty in this matter had he known that he was facing mandatory deportation. "'A claim of

ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary.'" *State v. Barnes*, 8th Dist. Cuyahoga No. 104910, 2018-Ohio-86, ¶ 12, quoting *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 30 (8th Dist.).

**{¶ 9}** Ahmed "can prevail only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial." *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In addition, "[t]he requisite showing of manifest injustice must be based on specific facts in the record or supplied through affidavits submitted with the motion." (Citation omitted.) *State v. Norris*, 8th Dist. Cuyahoga No. 107894, 2019-Ohio-3768, ¶ 24.

**{¶ 10}** Ahmed cites the 2010 United States Supreme Court case *Padilla v. Kentucky*, 559 U.S. at 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), which held that an attorney's performance is deficient when he or she has failed, at a minimum, to advise a noncitizen defendant-client that "pending criminal charges may carry a risk of adverse immigration consequences." An attorney's performance is also deficient when his or her advice regarding deportation issues, which are "easily determined from reading the removal statute," is incorrect. *Id.* However, "[p]rior to *Padilla*, Ohio courts have held that the duty to notify a defendant of immigration

consequences is on the trial court, not counsel." *State v. Passafiume*, 2018-Ohio-1083, 109 N.E.3d 642, ¶ 23 (8th Dist.).

{¶ 11} Although Ahmed claims that his trial counsel did not inform him of the immigration consequences of his plea, his "self-serving affidavit is generally insufficient to demonstrate manifest injustice." *Id.* at ¶ 26, citing *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10. The record demonstrating compliance with Crim.R. 11 has a much greater probative value than Ahmed's self-service affidavit. *Id.* In addition, the trial court's abidance to Crim.R. 11 "raises a presumption that the plea was voluntarily entered." (Citations omitted.) *Id.*

{¶ 12} Ahmed has not demonstrated that his plea was less than knowing, intelligent, and voluntary. The trial court informed Ahmed of the effects of his guilty plea regarding his immigration status. The trial court explained to Ahmed that his immigration status may be affected by his guilty plea because he was not a citizen of the United States, to which Ahmed replied that he understood. To ensure that a plea to a misdemeanor charge is knowingly, intelligently, and voluntarily entered into, a trial court must follow the dictates of Crim.R. 11(D). "In misdemeanor cases involving serious offenses the court * * * shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, * * * and determining that the defendant is making the plea voluntarily." Crim.R. 11(D). Crim.R. 2(C) provides that a " [s]erious offense means

any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶ 13} Ahmed bears the burden of demonstrating that a manifest injustice occurred in the plea proceeding. *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13 (a manifest injustice is "an extraordinary and fundamental flaw in the plea proceeding"). In this case, Ahmed claims his trial counsel was ineffective at the time he entered his plea, so he bears the burden of showing that counsel's performance led to a manifest injustice. *State v. Bankston*, 8th Dist. Cuyahoga No. 92777, 2010-Ohio-1576, ¶ 53. We determined that trial counsel made the trial court aware of Ahmed's citizenship status. We also can determine that the trial court fully complied with Crim.R. 11, and did advise Ahmed of the effect of his guilty plea as it relates to his immigration status.

{¶14} Therefore, Ahmed's sole assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR