[Cite as *State v. Ahmed*, **2020-Ohio-4057.**]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108548 |
| v. | : | |
| AMIR ABDI AHMED, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** August 13, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-560103-C

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Gregory J. Ochocki, Assistant Prosecuting Attorney, *for appellee.*

Amato Law Office, L.P.A., and Joseph N. Phillips; Russell S. Bensing, *for appellant.*

ON RECONSIDERATION[1]

ANITA LASTER MAYS, J.:

{¶ 1} Pursuant to defendant-appellant's Amir Abdi Ahmed ("Ahmed"), App.R. 26 application for reconsideration, the opinion as announced on April 2, 2020, *State v. Ahmed*, 8th Dist. Cuyahoga No. 108548, 2020-Ohio-1279, is hereby vacated and substituted with this opinion.

{¶ 2} Defendant-appellant Amir Abdi Ahmed ("Ahmed") appeals the trial court's denial of Ahmed's motion to withdraw his postsentence guilty plea, and asks this court to vacate the plea. We reverse the judgment and remand to the trial court for a hearing on the motion to determine if Ahmed's trial counsel misadvised him on the consequences of a guilty plea and how it would affect his immigration status.

{¶ 3} Ahmed pleaded guilty to attempted drug possession, a first-degree misdemeanor, in violation of R.C. 2923.02 and 2925.11(A). The trial court sentenced him to pay a fine of $1,000.

I. Facts and Procedural History

{¶ 4} On December 11, 2012, at Ahmed's plea and sentencing hearing, Ahmed pleaded guilty to attempted drug possession. The trial court asked Ahmed if he was satisfied with his trial counsel's representation, to which Ahmed replied that he was very much satisfied. (Tr. 8.) Trial counsel also indicated to the court

---

[1] The original decision in this appeal, *State v. Ahmed*, 8th Dist. Cuyahoga No. 108548, 2020-Ohio-1279, released on April 2, 2020, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R 22(C); *see also* S.Ct. Prac.R. 7.01.

that Ahmed was aware of his constitutional rights even though the trial court would later explain his rights. (Tr. 7.) The trial court stated,

> your attorney has already noted that you are not a U.S. citizen. I am required to advise you that since you are not a citizen of the United States, the offense — conviction of the offense to which you are pleading guilty may have the consequences of deportation from the United States, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. You understand that?

(Tr. 10.)

Ahmed responded that he understood. *Id.*

{¶ 5} The trial court then stated, "[o]kay. By the way, I have no control over what happens with that, that's for the federal authorities to decide. * * * ." *Id.* Ahmed entered a plea of guilty, and the trial court imposed a fine after Ahmed's counsel asked for a minimum sentence in order to look more favorable in his federal immigration case. (Tr. 13-14.)

{¶ 6} On December 4, 2018, six years after Ahmed was sentenced, Ahmed was served with a notice to appear in immigration court. Ahmed was informed that removal proceedings had been initiated against him as a result of his misdemeanor conviction and he was detained. Ahmed filed a motion to withdraw and vacate plea with the trial court. The trial court denied Ahmed's motion without a hearing. Ahmed has remained in federal immigration custody since 2018, and filed this appeal assigning one error for our review:

I.  The trial court abused its discretion by denying Appellant's motion to withdraw his previously entered guilty plea.

## II.    Postsentence Guilty Plea Withdrawal

### A.    Standard of review

{¶ 7}    Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."   "We review a trial court's decision to grant or deny a postsentence motion to withdraw a guilty plea pursuant to Crim.R. 32.1 for abuse of discretion."   *State v. Johnson*, 8th Dist. Cuyahoga No. 107617, 2019-Ohio-2332, ¶ 12 citing *State v. Wilkey*, 5th Dist. Muskingum No. CT2005-0050, 2006-Ohio-3276, ¶ 21.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B.    Whether the Trial Court Abused its Discretion by Denying Appellant's Crim.R. 32.1 Motion

{¶ 8}    In Ahmed's sole assignment of error, he contends that the trial court erred when it denied his motion to withdraw his guilty plea, in accordance with Crim.R. 32.1.  Ahmed, who seeks to withdraw a plea of guilty after the imposition of sentence, has the burden of establishing the existence of manifest injustice. *Richmond Hts. v. McEllen*, 8th Dist. Cuyahoga No. 99281, 2013-Ohio-3151, ¶ 7, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.  "'[M]anifest injustice' comprehends a fundamental flaw in the path of

justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13.

{¶ 9} Ahmed argues that the manifest injustice occurred as a result of his trial counsel's representation. Ahmad contends that his trial counsel misadvised him as to the state of law and how it could affect his future in the United States. As a result, Ahmad pleaded guilty to the offense based on the belief that it would not affect his immigration status. Ahmed reasons that he would not have pleaded guilty in this matter had he known that he was facing mandatory deportation. "'A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary.'" *State v. Barnes*, 8th Dist. Cuyahoga No. 104910, 2018-Ohio-86, ¶ 12, quoting *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 30.

{¶ 10} Ahmed "can prevail only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial." *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In addition, "[t]he requisite showing of manifest injustice must be based on specific facts in the record or supplied through affidavits submitted with the

motion." (Citation omitted.) *State v. Norris*, 8th Dist. Cuyahoga No. 107894, 2019-Ohio-3768, ¶ 24.

**{¶ 11}** Ahmed cites the 2010 United States Supreme Court case *Padilla v. Kentucky*, 559 U.S. at 369, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), which held that an attorney's performance is deficient when he or she has failed, at a minimum, to advise a noncitizen defendant-client that "pending criminal charges may carry a risk of adverse immigration consequences." An attorney's performance is also deficient when his or her advice regarding deportation issues, which are "easily determined from reading the removal statute," is incorrect. *Id.*

**{¶ 12}** Generally, the trial court's abidance to Crim.R. 11 "raises a presumption that the plea was voluntarily entered." (Citations omitted.) *Id.* at ¶ 26, citing *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10. Notably a "self-serving affidavit is generally insufficient to demonstrate manifest injustice." *Id.* The record demonstrating compliance with Crim.R. 11 has a much greater probative value than a self-serving affidavit, and the record does demonstrate that the trial court complied with Crim.R. 11. However, the record, in addition to Ahmed's claims, does not irrefutably demonstrate that Ahmed's trial counsel notified Ahmed of the immigration consequences associated with a guilty plea regarding deportation.

**{¶ 13}** Ahmed contends that our decisions in *State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-1695, and *State v. Bozso*, 8th Dist. Cuyahoga No. 106149, 2018- Ohio-1750, are relevant here because the record in those cases

did not establish that the attorneys counseled the appellants about the effects of the pleas on their immigration statuses. Recently, the Supreme Court of Ohio reversed our decision in *Bozso,* and held that Bozso did not demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. *State v. Bozso*, Slip Opinion No. 2020-Ohio-3779. However, in *Bozso*, the trial court held a hearing to determine whether Bozso's attorney advised him on his immigration status. The trial court determined that Bozso did not receive ineffective assistance of counsel. In this instance case, the trial court did not hold a hearing to make that determination.

{¶ 14} Although the record demonstrates that Ahmed's counsel was aware of his immigration status, we agree that the record does not demonstrate that Ahmed's attorney counseled him about the effects of Ahmed's guilty plea regarding his immigration status as it relates to deportation. Counsel stated at the plea hearing,

> [h]e has a federal case that's pending, and I would ask the Court for sentencing purposes to give him a very minimum sentence if you could. I'm asking that because, one, of the green card situation that the Court indicated, and two, because of the point system that they have in Federal Court. If the Court would give him under 60 days, he would end up with one point or less. We would be very appreciative. We would appreciate that and place him on probation. I'm sure you won't have a problem with him again. Thank you, your Honor.

(Tr. 12-13.)

{¶ 15} Upon receiving a notice to appear from the federal government and learning that deportation proceeding had begun, Ahmed requested a hearing

pursuant to Crim.R. 32. The trial court denied Ahmed's motion to withdraw his pleas without holding a hearing. As in *Ayesta*, the trial court denied the appellant's request to withdraw his guilty plea without a hearing. In that case, this court stated,

> [w]hile we recognize that the trial court has discretion to determine the credibility of the affidavit, we note that the court did not voice any concerns regarding the truth of Ayesta's contentions when it denied the motion without a hearing. Therefore, we conclude that the court denied the motion for other reasons: namely that Ayesta was advised by the trial court, in accordance with R.C. 2943.031, that he may be deported as a result of taking the plea.

*Id.* at ¶ 18.

{¶ 16} As in *Ayesta*, the record shows that at the plea hearing the trial court properly advised Ahmed that pleading guilty may subject him to deportation, and that Ahmed stated that he understood those consequences. However, it cannot be said that the record, on its face, demonstrates that his trial counsel advised him of the immigration consequence. *Id.* at ¶ 19. And in this case the consequences were mandatory. *Id.*

{¶ 17} Ahmed has not necessarily demonstrated that his trial counsel's performance was deficient or that trial counsel failed, at a minimum, to advise Ahmed that his pending criminal charges may carry a risk of adverse immigration consequences. As previously stated, "'[a] claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary.'" *State v. Barnes*, 8th Dist. Cuyahoga No. 104910, 2018-Ohio-86, ¶ 12, quoting *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 30. "As *Padilla*

acknowledged, 'immigration law can be complex,' but there are times when it is 'succinct and straightforward,' and in those instances, defense counsel has the responsibility to advise his or her client what the consequences of his or her plea will be with respect to deportation. *Id.* at 369." *Bozso*, 2018-Ohio-1750, 111 N.E.3d 786, ¶ 20 (8th Dist.).

{¶ 18} The trial court informed Ahmed of the effects of his guilty plea regarding his immigration status. The trial court explained to Ahmed that his immigration status may be affected by his guilty plea because he was not a citizen of the United States, to which Ahmed replied that he understood. To ensure that a plea to a misdemeanor charge is knowingly, intelligently, and voluntarily entered into, a trial court must follow the dictates of Crim.R. 11(D). "In misdemeanor cases involving serious offenses the court * * * shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, * * * and determining that the defendant is making the plea voluntarily." Crim.R. 11(D). Crim.R. 2(C) provides that a "[s]erious offense means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶ 19} Ahmed bears the burden of demonstrating that a manifest injustice occurred in the plea proceeding. *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13 (a manifest injustice is "an extraordinary and fundamental flaw in the plea proceeding"). In this case, Ahmed claims his trial counsel was ineffective at the time he entered his plea, so he bears the burden of showing that

counsel's performance led to a manifest injustice. *State v. Bankston*, 8th Dist. Cuyahoga No. 92777, 2010-Ohio-1576 at ¶ 53. We determined that trial counsel made the trial court aware of Ahmed's citizenship status. However, we cannot determine that Ahmed's trial counsel informed Ahmed about the effects of his guilty plea. *See, e.g., United States v. Urias-Marrufo,* 744 F.3d 361, 368-369 (5th Cir.2014) ("It is counsel's duty, not the court's, to warn of certain immigration consequences, and counsel's failure cannot be saved by a plea colloquy. Thus, it is irrelevant that the magistrate judge asked [the defendant] whether she understood that there might be immigration consequences and that she and her attorney had discussed the possible adverse immigration consequences of pleading guilty." (Footnotes omitted)).

{¶ 20} Consistent with our decisions in *Ayesta*, we acknowledge that the record does not otherwise indicate that Ahmed is not entitled to relief. *Ayesta* at ¶20. Thus, as the trial court's advisement did not necessarily foreclose the possibility of finding prejudice, we cannot conclude that the court's properly giving the advisement, alone, is a valid reason for denying a hearing on the motion when Ahmed presented prima facie evidence of ineffective assistance, and we remand to the trial court for a hearing on the motion to determine if Ahmed's trial counsel misadvised him as to how Ahmed's guilty plea would affect his immigration status and assess the prejudice prong.

{¶ 21} Judgment reversed and remanded.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR