[Cite as *State v. Jackson*, 2016-Ohio-3278.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

    Appellee

v.

Zachary J. Jackson

    Appellant

Court of Appeals No. S-15-020

Trial Court No. 14 CR 420

**DECISION AND JUDGMENT**

Decided: June 3, 2016

* * * * *

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney,
and Norman P. Solze, Assistant Prosecuting Attorney, for appellee.

Daniel G. Wightman, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Zachary Jackson, appeals from his conviction in the Sandusky County Court of Common Pleas on one count of aggravated burglary, one count of burglary, one count of domestic violence, one count of violating a protection order, and one count of rape. For the reasons that follow, we affirm.

{¶ 2} A trial commenced on March 17, 2015. The victim testified that she lives in an apartment with her young son. Appellant is her son's father. She has known appellant for six years. She briefly lived with appellant. In February of 2014 she filed a civil protection order against appellant. On May 12, 2014, appellant sent the victim a text message asking her if he could come over. The victim told him no. They continued to exchange angry text messages with each other.

{¶ 3} The victim testified that later, appellant kicked in her front door and ran upstairs to her apartment. He kicked furniture and then knocked her on the ground and started hitting her in her face and head. She began bleeding from her nose and her cut lip. Appellant then put her in a chokehold and demanded that she get in the shower to wash off the blood. After the shower, appellant made her lie on her bed. He held her down and vaginally raped her despite the fact that the victim was crying and asked him to stop.

{¶ 4} After appellant left, the victim called a friend who took her to the hospital. Detective Jason Kidde met the victim at the hospital. He described her as being very upset; displaying facial injuries, bruising on her arms and marks around her neck. Detective Kidde then went to the victim's apartment. Her door was damaged and there was blood on her carpet. He also found blood on her clothes and on some bathroom towels. When Detective Kidde asked appellant about the May 12 incident, appellant claimed he had consensual sex with the victim.

2.

{¶ 5} A jury found appellant guilty on all counts. He was sentenced to serve an aggregate prison term of 11 years. Appellant now appeals setting forth the following assignments of error:

I. The trial court violated the appellant's right to due process guaranteed by the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Constitution of the state of Ohio and committed plain error by failing to instruct the jury on all elements of the offense of violation of a protection order pursuant to R.C. 2919.27.

II. The appellant's conviction for rape was against the manifest weight of the evidence.

III. The trial court committed plain error in not instructing the jury on sexual battery under R.C. 2907.03(A)(1) as a lesser included offense to rape.

IV. The appellant was denied effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendment to the Constitution of the United States and Article I, Section 10 of the Constitution of the State of Ohio when counsel failed to object to the jury instruction for violating a protection order under R.C.2919.27 that failed to instruct the jury on all elements of the offense and by failing to request a jury instruction on the lesser included offense of sexual battery under R.C. 2907.03(A)(1) on the charge of rape.

3.

{¶ 6} In his first assignment of error, appellant contends that the court erred in instructing the jury on the elements of R.C. 2919.27, violation of a protection order. Specifically, appellant contends that the court erred in failing to instruct the jury that they must find, beyond a reasonable doubt, that appellant was served with a copy of the order before the alleged violation. Appellant did not object to the instruction at trial.

{¶ 7} Initially we note that Crim.R. 30(A) provides that, on appeal, an appellant may not assign as error the giving or failure to give any jury instructions unless the appellant objected before the jury retired to consider its verdict. The failure to timely object waives all but plain error. *State v. Moore*, 163 Ohio App.3d 23, 2005-Ohio-4531, 836 N.E.2d 18 (2d Dist.); *State v. Thompson*, 2d Dist. Montgomery No. 22984, 2010-Ohio-1680. To be considered plain error, the error must be obvious on the record, palpable, and fundamental, so that the error should have been apparent to the trial court without objection. *State v. Tichon*, 102 Ohio App.3d 758, 658 N.E.2d 16 (9th Dist.1995). Plain error does not exist unless the appellant can establish that the outcome of his trial would have clearly been different but for the trial court's alleged improper actions. *State v. Waddell*, 75 Ohio St.3d 163, 661 N.E.2d 1043 (1996). Notice of plain error must be taken with the utmost caution, only under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Phillips*, 74 Ohio St.3d 72, 656 N.E.2d 643 (1995).

4.

{¶ 8} *Ohio Jury Instructions*, CR Section 519.27, reads as follows:

1.  The defendant is charged with violating a protection order. Before you can find the defendant guilty, you must find beyond a reasonable doubt, that on or about the _____ day of ____ , 20_____, and in ____ (County) (other jurisdiction), Ohio, the defendant was served with a copy of a protection order and recklessly violated the terms of the protection order.

2.  SERVED.  "Served" means actual delivery of the protection order to the defendant.

{¶ 9} The trial court, in this case, instructed the jury as follows:

Before you can find the defendant guilty of this count of violating a protection order, you must find that the State of Ohio has proven beyond a reasonable doubt that on or about May the 12th, 2014 at * * *, in Sandusky, Ohio, the defendant did recklessly violate the terms of a protection order issued or consent agreement approved pursuant to R.C. 2919.26 * * *

{¶ 10} In support of his assignment of error, appellant cites *State v. Smith*, 136 Ohio St.3d 1, 2013-Ohio-1698, 989 N.E.2d 972.  In that case, the Supreme Court of Ohio stated:  "[t]o sustain a conviction for a violation of a protection order pursuant to R.C. 2919.27(A)(2), the state must establish, beyond a reasonable doubt, that it served the defendant with the order before the alleged violation."

**{¶ 11}** At trial, Sandusky County sheriff's deputy, Mario Cavillo, identified exhibit No. 62 as a receipt indicating that Deputy Cavillo served the protection order on appellant on February 28, 2014 at 4:32 p.m. Cavillo also identified the handwriting as his own, although he had no personal recollection of actually serving appellant.

**{¶ 12}** Sandusky County Clerk of Courts, Tracy Overmyer, identified exhibit No 61 as a return of service sheet she, as clerk of courts receives, confirming that service has been perfected on a respondent. Exhibit No. 61 shows that on February 28, 2014, Deputy Mario Cavillo personally served the protection order on appellant.

**{¶ 13}** It is undisputed that the trial court made no mention of service or delivery when instructing them on the elements of the offense. However, given the above testimony, we cannot say that the outcome of his trial would have clearly been different but for the trial court's omission. Appellant's first assignment of error is found not well-taken.

**{¶ 14}** In his second assignment of error, appellant contends that his conviction for rape was against the manifest weight of the evidence.

**{¶ 15}** With respect to the manifest weight of the evidence, a reviewing court questions "'whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.'" *State v. Group*, 98 Ohio St.3d 248, 2002-Ohio-7247, 781 N.E.2d 980, ¶ 77, quoting *State*

6.

*v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (10th Dist.1983). The appellate court considers all of the evidence, sits as a "thirteenth juror," and decides whether a greater amount of credible evidence supports an acquittal such that the jury "clearly lost its way" in convicting the appellant. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 16} R.C. 2907.02(A)(2) provides: [N]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

{¶ 17} Appellant's evidentiary argument centers upon the credibility of the victim. He contends her behavior and testimony were inconsistent with that of a rape victim. First, he notes that the victim never stated that appellant physically forced her to have sex. The victim acknowledged that she did not try to get up from the bed but only because appellant was stronger than her and he had already beaten her. She testified she told him no and that the entire time, she was crying. When she initially was interviewed by Detective Kidde, she told him the sex was consensual because "she was scared." She later told Kidde that she had sex with appellant hoping he would then leave. The nurse who conducted the sexual assault exam on appellant testified that she saw no visible internal injuries on the victim but that is not unusual. She testified: "[i]n my experience there are times you don't see injuries when you know this was not a consensual event." The nurse testified that the victim had been severely beaten.

7.

{¶ 18} At trial, the victim stated that she told appellant that she did not want to have sex and that she told him to stop. This occurred after he had already broken into her home and physically assaulted her. In choosing to believe the testimony of the victim, we cannot say that the jury, as the trier of fact, lost its way or that the result was a manifest miscarriage of justice. Appellant's second assignment of error is found not well-taken.

{¶ 19} In his third assignment of error, appellant contends that the court erred in failing to instruct the jury on the offense of sexual battery as a lesser include offense to rape. Once again, we review this assignment of error under the plain error standard as appellant did not ask for such an instruction below.

{¶ 20} "In Ohio, there is a presumption that the failure to request an instruction on a lesser-included offense constitutes a matter of trial strategy * * *." *State v. Hernon*, 9th Dist. Medina No. 3081-M, 2001 WL 276348 (Mar. 21, 2001). Appellant has not identified anything in the record that demonstrates that his counsel's failure to request a lesser included offense instruction "was anything other than a tactical election to seek an acquittal rather than a conviction on the lesser-included offense." *State v. DuBois*, 9th Dist. Summit No. 21284, 2003-Ohio-2633, ¶ 6. We, therefore, conclude that in light of counsel's decision not to request a lesser-included-offense instruction, the trial court's failure to give it does not amount to plain error. *See also State v. Jury*, 6th Dist. Erie No. E-14-100, 2016-Ohio-2663. Appellant's third assignment of error is found not well-taken.

8.

**{¶ 21}** In his fourth assignment of error, appellant contends he was denied effective assistance of counsel in that counsel failed to object to the jury instruction on violating a protection order and the fact counsel failed to request an instruction on the offense of sexual battery as a lesser include offense to rape. Given our disposition of appellant's first and third assignments of error, appellant's fourth assignment of error is found not well-taken.

**{¶ 22}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                 _____

                                             JUDGE

Thomas J. Osowik, J.           

                                             _____

James D. Jensen, P.J.                                          JUDGE
CONCUR.

                                             _____

                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.