[Cite as *State v. Hopper*, 2024-Ohio-2635.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                              No. 113243

    v.                                      :

JOSEPH OSCAR TRACY HOPPER,                  :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 11, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-629962-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah Denney, Assistant Prosecuting Attorney, *for appellee*.

Clarissa A. Smith, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Joseph Oscar Tracy Hopper, appeals his rape conviction, which was rendered after a jury trial. After a review of the record and applicable law, we affirm.

{¶ 2} In 2023, Hopper was indicted on two counts of rape, a felony of the first degree with one- and three-year firearm specifications; one count of kidnapping, a felony of the first degree with one- and three-year firearm specifications and a sexual motivation specification; and one count of kidnapping, a felony of the first degree, with one- and three-year firearm specifications.

{¶ 3} At trial, the victim testified that on the evening of April 9, 2000, appellant, an out-of-state semitruck driver whom the victim did not know, approached her from behind, pressed what the victim believed to be a firearm into her back, and forced her into his semitruck. Appellant forced the victim to undress and engaged in forceful vaginal sexual intercourse with her. The victim testified that she did not want this to happen and was "forced" to comply with appellant's demands.

{¶ 4} Over the next day and a half, appellant kept the victim in his truck, did not allow her to leave, and continued to sexually assault her. During this time, the victim received no food and was deprived of sleep. The victim testified she did not try to escape because she was afraid that appellant would kill her.

{¶ 5} On April 11, 2000, appellant released the victim near a Wendy's restaurant on Euclid Avenue in Cleveland, Ohio. The victim immediately walked to

a local hospital, where a sexual assault examination was conducted. The victim was unable to identify appellant as her attacker in a photo lineup. Since the attack, the victim has had three strokes, which she admitted affected her memory.

{¶ 6} SANE (sexual assault nurse examiner) nurse Kristin Biddell testified that she interviewed and examined the victim in the hospital. She also collected swabs for a sexual assault kit. According to Biddell, the victim demonstrated the "typical" demeanor of a rape victim — she appeared tearful and had poor recall and a limited memory. David Miller, a forensic DNA Analyst at the Ohio Bureau of Criminal Investigations, testified that there was biological fluid found in the sexual assault kit, which was tested for DNA. The DNA from a sperm fraction from the biological fluid was a match with appellant.

{¶ 7} At the conclusion of the State's case, appellant moved to have the case dismissed pursuant to Crim.R. 29. Appellant argued that the State did not meet the burden of proof regarding the purposeful element of kidnapping and the force element of rape. The court denied appellant's motion. The jury found appellant guilty of one count of rape, in violation of R.C. 2907.02(A)(2), not guilty of the attendant firearm specifications and not guilty of the remaining charges and specifications. The trial court sentenced appellant to eight years in prison and determined he was a sexually oriented offender.

{¶ 8} Other testimony and evidence were provided in the matter, which this court has reviewed.

{¶ 9} Appellant raises the following assignments of error for our review.

I.  Appellant's conviction must be reversed where the State of Ohio failed to present sufficient evidence to support the conviction.

II.  Appellant's conviction is against the manifest weight of the evidence.

III.  Appellant's conviction was due to the ineffective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution.

IV.  The court erred in allowing testimony about medical records unrelated to diagnosis or treatment in violation of defendant's Sixth Amendment Right of Confrontation.

{¶ 10} In the first assignment of error, appellant argues that his conviction for rape was not supported by sufficient evidence.

{¶ 11} We review challenges to the sufficiency of evidence admitted at trial and determine whether the evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*   When reviewing the evidence, we are mindful that circumstantial and direct evidence "possess the same probative value." *Id.* at 272.   Our review of the evidence is not to determine "whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction."  *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997).

{¶ 12} Appellant was convicted of one count of rape. In order to prove the crime of rape, the State was required to present evidence that appellant's actions constituted sexual conduct with the victim by compelling her to submit by force or threat of force. R.C. 2907.02(A)(2).

{¶ 13} Appellant argues that the evidence was insufficient because there was no evidence that (1) the victim was forced to have sexual intercourse, (2) the appellant tried to stop the victim from fleeing, or (3) the appellant threatened or drugged the victim. The State argues that there was sufficient evidence presented on all elements of the crime of rape to sustain the conviction.

{¶ 14} "'This court has noted that Ohio courts consistently hold that a victim's testimony alone is sufficient to support a rape conviction and that the testimony need not be corroborated.'" *State v. Kirby*, 2024-Ohio-1582, ¶ 37 (8th Dist.), quoting *State v. Smith*, 2023-Ohio-1670, ¶ 20 (8th Dist.). The evidence presented at trial during the victim's testimony was that she was walking out of the convenience store when appellant grabbed her, pointed what she thought was a firearm in her back, led her to his semitruck, and "forced" her to have sexual intercourse with him over the course of almost two days. The victim testified that she was unable to sleep because "he kept forcing himself in me." She also testified that she did not leave the truck because she was scared appellant would kill her. Once appellant released the victim, she immediately went to the hospital. Appellant's DNA was a match to the evidence from the victim's rape kit.

{¶ 15} The victim's testimony described appellant using force to have sexual intercourse with her. Her testimony shows that appellant's actions caused her fear. We find the State presented sufficient evidence to support appellant's rape conviction and the trial court did not err in denying appellant's Crim.R. 29 motion.

{¶ 16} The first assignment of error is overruled.

{¶ 17} In the second assignment of error, appellant argues that his rape conviction was against the manifest weight of the evidence.

{¶ 18} A manifest weight challenge to a conviction asserts the State has not met its burden of persuasion in obtaining that conviction. *Thompkins,* 78 Ohio St.3d at 390. A manifest weight challenge raises factual issues and our review is as follows:

> "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."

*Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983); *State v. Townsend*, 2019-Ohio-544, ¶ 20 (8th Dist.).

{¶ 19} Appellant again argues that the record does not support the conclusion that he forced the victim to have sexual intercourse with him.

{¶ 20} The victim testified that appellant "kept forcing himself in me" and "kept me for a day and a half." The victim testified that she did not have the opportunity to use the bathroom, appellant did not allow her to eat, and the only reason she did not attempt to escape was because she was afraid appellant would

kill her if she tried to leave. Once appellant released the victim, she immediately went to the hospital. Appellant's DNA was a match to the evidence from the victim's rape kit.

{¶ 21} Appellant argues that the jury must have concluded that the victim went with appellant to his truck of her own free will because the jury did not convict him of the firearm specifications. We disagree. The victim's testimony reflects that she was in fear and she thought appellant had a firearm. Even assuming the jury did not believe appellant had a firearm because they acquitted him of the firearm specifications, the jury could still reasonably conclude that appellant used force to take the victim to his semitruck and used force when he repeatedly sexually assaulted her.

{¶ 22} The victim's testimony was not so inherently incredible that a reasonable trier of fact could not believe it. This is not the exceptional case in which the evidence weighs heavily against the conviction. After weighing the testimony and evidence and inferences to be drawn therefrom, and in consideration of the credibility of the witnesses' and their testimonies, we cannot say that the jury clearly lost its way in entering guilty verdicts in this case or that this case is one in which a manifest miscarriage of justice occurred.

{¶ 23} Accordingly, the second assignment of error is overruled.

{¶ 24} In the third assignment of error, appellant argues that he was denied effective counsel because his attorney failed to file a motion for preindictment delay

and failed to request the jury be instructed on the lesser included offense of sexual battery.

{¶ 25} To show ineffective assistance of counsel, a defendant must demonstrate counsel's performance was both below an objective standard of reasonable representation and that he or she suffered prejudice by counsel's deficient performance. *State v. McGee*, 2022-Ohio-2045, ¶ 32 (8th Dist.), citing *State v. Drummond*, 2006-Ohio-5084, citing *Strickland v. Washington*, 466 U.S. 668 (1984). Prejudice can be established when a defendant shows "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *McGee* at *id.*, quoting *Strickland* at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *McGee* at *id.*, quoting *Strickland* at *id*. Where a defendant fails to prove either prong of the *Strickland* test, it is unnecessary for a court to consider the other prong. *State v. Johnson*, 2023-Ohio-4531, ¶ 50 (8th Dist.), citing *State v. Madrigal*, 87 Ohio St.3d 378 (2000), citing *Strickland* at 697.

{¶ 26} "The statute of limitations for a criminal offense is a defendant's primary protection against overly stale criminal charges." *State v. Owens*, 2015-Ohio-3881, ¶ 2 (8th Dist.), citing *United States v. Marion*, 404 U.S. 307, 322 (1971). In Ohio, the statute of limitations for rape is 20 years based on the date of the offense. R.C. 2901.13(A)(3). The date of the offense in this case was April 9, 2000, to April 11, 2000. The charges brought against appellant were initially brought against his DNA profile on June 27, 2018, and later amended to include his name

once appellant was identified. Thus, appellant was indicted within the statutory period.

{¶ 27} "''An unjustifiable delay between the commission of an offense and a defendant's indictment therefor, which results in actual prejudice to the defendant, is a violation of the right to due process of law" under the Ohio and United States Constitutions."'" *State v. Jones*, 2024-Ohio-1588, ¶ 41 (8th Dist.) quoting *State v. Jones*, 2016-Ohio-5105, ¶ 12, quoting *State v. Luck*, 15 Ohio St.3d 150 (1984), paragraph two of the syllabus. Even in circumstances where the State initiates prosecution within the statutorily defined limitations period, the Due Process Clause affords an accused protection when unjustifiable preindictment delay causes actual prejudice to an accused's right to a fair trial. *Jones*, 2024-Ohio-1588, at *id*., citing *Jones*, 2016-Ohio-5105.

{¶ 28} Appellant argues that he suffered "actual prejudice" from the State's delay in indicting him because the victim suffered strokes in the intervening period between the alleged crime and the indictment and because he was no longer able to identify and contact witnesses.

{¶ 29} The Ohio Supreme Court has established a "burden-shifting framework" for determining whether preindictment delay amounts to a violation of due process. *Jones*, 2024-Ohio-1588, at ¶ 42, citing *Jones*, 2016-Ohio-5105. "Once a defendant presents evidence of actual prejudice [to his or her defense], the burden shifts to the State to produce evidence of a justifiable reason for the delay." *Jones*, 2024-Ohio-1588, at *id.*, citing *Jones*, 2016-Ohio-5105. A delay in commencing

prosecution will not be justified if the State uses the delay to gain a tactical advantage or through negligence or error in judgment ceases its investigation and then later, without new evidence, decides to prosecute. *State v. Adams*, 2015-Ohio-3954, citing *Marion*, 404 U.S. 307, and *Luck*. "'The length of delay will normally be the key factor in determining whether a delay caused by negligence or error in judgment is justifiable.'" *Luck* at 158. If, however, a defendant fails to establish prejudice, it is unnecessary to consider the reasons for the delay. *Jones*, 2024-Ohio-1588 at *id.*

{¶ 30} Determining whether actual prejudice exists involves a "delicate judgment" and case-by-case consideration based on the particular facts and circumstances of the case. *Jones*, 2024-Ohio-1588, at ¶ 43, citing *Jones*, 2016-Ohio-5105. The court considers the evidence as it existed when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay. *Jones*, 2024-Ohio-1588 at *id.*, citing *Jones*, 2016-Ohio-5105. A claim of actual prejudice must be "scrutinized . . . vis-à-vis the particular evidence that was lost or unavailable as a result of the delay," specifically, "the relevance of the lost evidence and its purported effect on the defense." *Jones*, 2024-Ohio-1588, at *id.*, quoting *Jones*, 2016-Ohio-5105, at ¶ 23.

{¶ 31} Speculative or vague claims of prejudice are insufficient to meet a defendant's burden. *Jones*, 2024-Ohio-1588, at ¶ 44, citing *Jones*, 2016-Ohio-5105 at ¶ 27 (A defendant cannot rely on "mere speculation to support a claim of prejudice."). The possibility that memories will fade, witnesses will become inaccessible, or evidence will be lost is generally not sufficient to establish actual

prejudice. *Jones*, 2024-Ohio-1588, at *id.*, citing *Jones*, 2016-Ohio-5105. This court has cautioned, however, that does not mean that faded memories, unavailable witnesses and lost evidence cannot be used to show actual prejudice. *Jones*, 2024-Ohio-1588, at *id.*, citing *Jones*, 2016-Ohio-5101. The "proven unavailability of specific evidence or testimony that would attack the credibility or weight of the state's evidence against a defendant and thereby aid in establishing a defense may satisfy the due-process requirement of actual prejudice." *Jones*, 2024-Ohio-1588, at *id.*, quoting *Jones*, 2016-Ohio-5101, at ¶ 25. Said another way, "actual prejudice exists when missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense." *Jones*, 2024-Ohio-1588, at *id.*, quoting *Jones*, 2016-Ohio-5101, at ¶ 28.

{¶ 32} In this case, appellant's DNA profile was indicted within the statutory period. Thus, prejudice is not presumed and appellant is required to show that he was actually prejudiced by the delay. Appellant argues the delay caused actual prejudice because it resulted in the victim's memory loss from multiple strokes in the intervening years since the assault. He also argues that unnamed witnesses would have testified that the victim willingly went from the convenience store to appellant's truck and left the truck at times to purchase drugs. The State argues that

appellant failed to name witnesses who observed this alleged behavior, or state with specificity what these alleged witnesses saw.[1]

**{¶ 33}** The victim admitted she had had three strokes since the assault and those strokes affected her memory. She was cross-examined about gaps in her testimony. Appellant has not shown how the victim's memory prejudiced him. The victim went to the hospital immediately after appellant released her. Appellant's DNA was a match to the evidence from the victim's rape kit.

**{¶ 34}** Next, to establish actual prejudice caused by the unavailability of witnesses, the defendant must first prove that the witnesses are in fact unavailable. *State v. Walker*, 2018-Ohio-3669, ¶ 20 (8th Dist.). "A defendant's bald assertion that witnesses are unavailable because they cannot be found is not sufficient to establish the unavailability of the witnesses." *Id.* Appellant's mere assertion that he had witnesses who could have supported his defense without identifying who the witnesses are and what they might have testified to is insufficient to show actual prejudice.

---

[1] The State additionally argues that appellant himself could have testified at trial, "but did not take advantage of that opportunity" and suggests that appellant's argument that he was deprived of providing evidence to support his defense is faulty because appellant chose not to testify in his own defense.

A defendant has an absolute right not to testify at trial. Because this right is absolute, the State cannot use it against defendant — it is impermissible to use an accused's choice not to testify in his own defense to show a lack of evidence.

{¶ 35} Following a thorough review of the record, we cannot say that counsel was ineffective for failing to file a motion to dismiss. Appellant has not met his burden of showing that he sustained actual prejudice because of preindicment delay.

{¶ 36} As stated, when a defendant fails to show substantial prejudice, it is not necessary to consider the reasons for the delay; the burden of proof only shifts to the State if the accused first shows substantial prejudice. *State v. Adams*, 2015-Ohio-3954, citing *United States v. Schaffer*, 586 F.3d 414, 425 (6th Cir. 2009). Here, because appellant failed to satisfy his burden that he was prejudiced, the burden does not shift to the State to justify the delay.

{¶ 37} Following a thorough review of the record, we cannot say that counsel was ineffective for failing to file a futile motion. Appellant has not met his burden of showing that he sustained actual prejudice because of preindictment delay.

{¶ 38} Next, appellant argues his counsel was ineffective for failing to request that the court instruct the jury on the crime of sexual battery, a lesser included offense of rape.

{¶ 39} "A charge on a lesser included or inferior offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser include or inferior offense." *State v. Carter*, 2018-Ohio-3671 (8th Dist.), citing *State v. Thomas*, 40 Ohio St.3d 213 (1988). In Ohio, there is a presumption that the failure to request an instruction on a lesser included offense constitutes a reasonable "all or nothing" trial strategy. *State v. Lewis*, 2020-Ohio-5265, ¶ 51 (8th Dist.), citing *State v. Jackson*,

2016-Ohio-3278, ¶ 20 (6th Dist.). "By not requesting an instruction on a lesser included offense, the hope is that the jury will acquit the defendant if the evidence does not support all the elements of the offense charged." *Lewis* at ¶ 52.

{¶ 40} Appellant argues that counsel should have requested the lesser included offense of sexual battery because a reasonable juror could have found that the victim was "coerced" instead of forced into having sexual intercourse with appellant because the only evidence of force was the victim's testimony. *See* R.C. 2907.03(A)(1) (defining the crime of sexual battery as engaging in sexual conduct when "the offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution"). As mentioned, the testimony of a victim is sufficient, in and of itself, to show force. There is no requirement that physical evidence be introduced to sustain a conviction. *In re C.S.*, 2024-Ohio-1063, ¶ 29 (8th Dist.); *see also State v. Blankenship*, 2001 Ohio App. LEXIS 5520 (8th Dist. Dec. 13, 2001) (finding that a rape victim's testimony, if believed, is sufficient to prove each element of the offense and there is no requirement that a rape victim's testimony be corroborated as a condition precedent to conviction). Accordingly, we find appellant's argument unavailing. Moreover, appellant's argument that the victim was "coerced" instead of forced fails to overcome the presumption that his counsel made a tactical decision to seek an acquittal rather than a conviction on a lesser included offense. *See Lewis* at ¶ 53. We, therefore, cannot say that counsel's performance was deficient simply because counsel decided not to request a lesser included offense instruction.

{¶ 41} Appellant has failed to demonstrate that he was afforded ineffective assistance of trial counsel. Accordingly, the third assignment of error is overruled.

{¶ 42} In the fourth assignment of error, appellant argues that the trial court erred in allowing testimony regarding the victim's medical records. Appellant contends that statements in the records regarding the victim's demeanor, where she was employed, and being raped at gunpoint were unrelated to her treatment or diagnosis. Appellant also argues that the testifying nurse, Kristen Biddell, made statements regarding medical notes that she did not author.

{¶ 43} Evid.R. 803(4) provides a hearsay exception for "[s]tatements made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." This court has repeatedly held that statements elicited during questioning by medical personnel for the purposes of medical diagnoses and treatment are not testimonial, and, therefore, are not barred by the Confrontation Clause. *State v. Wright*, 2019-Ohio-4460, ¶ 38 (8th Dist.), citing *State v. Diaz*, 2016-Ohio-5523 (8th Dist.). Moreover, courts have consistently found that a description of the encounter and identification of the perpetrator are within the scope of statements for medical treatment and diagnosis. *Wright* at ¶ 39, citing *State v. Echols*, 2015-Ohio-5138 (8th Dist.).

{¶ 44} As this court explained in *State v. Bowleg*, 2014-Ohio-1433 (8th Dist.):

> A victim's statement that she had been raped is relevant for medical diagnosis and treatment because it directs medical providers to examine the genital areas for physical injury, administer a pregnancy test, and prescribe medications for the prevention of sexually transmitted diseases . . . . A patient's statements concerning how the alleged rape occurred can be relevant to show the 'general cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.' Evid.R. 803(4). For example, the victim's statements may guide medical personnel to the particular area(s) of the victim's body to be examined for injury, as well as indicate which areas may need more immediate treatment than others. *State v. Menton*, 7th Dist. No. 07 MA 70, 2009-Ohio-4640, ¶ 51.

*Id.* at ¶ 19, quoting *State v. Wallace*, 2011-Ohio-1728, ¶ 18 (3d Dist.).

{¶ 45} The statements the victim made during triage were made to medical personnel during an emergency medical examination and were relevant to the type of treatment she would receive. In this case, discussing what had happened to her (forcible sexual intercourse) prompted medical personnel to perform a rape kit. Additionally, the victim's statement that she was raped "at gunpoint" was not so prejudicial to appellant as to deny him a fair trial — appellant was acquitted of all firearm specifications.

{¶ 46} Finally, under the business records exception found in Evid.R. 803(6), nurse Biddell was permitted to testify regarding doctor's notes in the victim's medical records that she did not personally author. *See In re H.D.D.*, 2012-Ohio-6160, ¶ 40 (10th Dist.), citing *In re Kenn B., III*, 2008-Ohio-5033 (6th Dist.) (finding that pursuant to Evid.R. 803(6), records that are normally considered inadmissible hearsay may be entered into evidence if it is "shown by the custodian or other qualified witness or as provided by Rule 901(B)(10)" that it was kept during the course of a regularly conducted business activity); *see also* R.C. 2317.422 (The

records of a hospital may be qualified as authentic evidence if "any such person endorses thereon the person's verified certification identifying such records, giving the mode and time of their preparation, and stating that they were prepared in the usual course of the business of the institution" in lieu of the testimony in open court of their custodian, person who made them, or person under whose supervision they were made). Moreover, as to the doctor's notes, nurse Biddell testified that she was with the physician in the examining room while the doctor treated the victim.

{¶ 47} Under these circumstances, we find the out-of-court statements made during triage were not elicited as part of a police investigation or in anticipation of prosecution. Rather, the narrative statements were made primarily for the purpose of medical diagnosis and treatment. The statements are therefore admissible under one or more hearsay exceptions and do not violate the Confrontation Clause.

{¶ 48} The fourth assignment of error is overruled.

{¶ 49} Appellant's rape conviction was supported by sufficient evidence and was not against the manifest weight of the evidence. Appellant was not deprived of the effective assistance of trial counsel and statements the victim made to hospital personnel were made for the purposes of medical diagnosis and treatment and fell under exceptions to the hearsay rule.

{¶ 50} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR